1  Mark Yablonovich (SBN 186670)
2  Marc Primo (SBN 216796)
   Matthew T. Theriault (SBN 244037)
3  Lory N. Ishii (SBN 242243)
4  Dina Livhits (SBN 245646)
   Initiative Legal Group LLP
5  1800 Century Park East, 2nd Floor
6  Los Angeles, California 90067
   Telephone: (310) 556-5637
7  Facsimile: (310) 861-9051
8  Email: MTheriault@InitiativeLegal.com
           LIshii@InitiativeLegal.com
9          DLivhits@InitiativeLegal.com

10

11  Attorneys for Plaintiff LILIYA KISLIUK

12

13           **UNITED STATES DISTRICT COURT**

14     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

| | |
|---|---|
| 16 LILIYA KISLIUK, individually, and on behalf of other members of the general 17 public similarly situated, | Case Number:<br>**CV 08-03241 DSF (RZx)**<br>**COMPLAINT FOR CLASS ACTION** |
| 18 Plaintiff, 19 | (1) Violation of <u>California Labor Code</u> §§ 201 and 202 (Wages not Paid Upon |
| 20 vs. | Termination); |
| 21 ADT SECURITY SERVICES, INC., a 22 Delaware Corporation; | (2) Violation of <u>California Labor Code</u> § 204 (Failure to Pay Wages); |
| 23 Defendant. 24 | (3) Violation of <u>California Labor Code</u> §§ 226.7 and 512(a) (Denial of Meal Periods); |
| 25 26 | (4) Violation of <u>California Labor Code</u> § 226.7 (Denial of Rest Periods); |

27

28

-1-

CLASS ACTION COMPLAINT

(5) Violation of <u>California Labor Code</u> § 226(a) (Improper Wage Statements);

(6) Violation of <u>California Labor Code</u> §§ 2800 and 2802 (Unpaid Business-Related Expenses); and

(7) Violation of <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331-1332.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff alleges, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than one-hundred (100) members, and that any one plaintiff is a citizen of a state different from that of any defendant.  See Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendant maintains offices, has agents and is licensed to and do transact business in this district.

## THE PARTIES

3.    Plaintiff LILIYA KISLIUK (hereinafter "Plaintiff") is a resident of Los Angeles in the State of California.

4.    Defendant ADT SECURITY SERVICES, INC. was and is, upon information and belief, a Delaware corporation doing business, and at all times

1   hereinafter mentioned, an employer whose employees are engaged throughout this

2   county, the State of California, or the various states of the United States of America.

3       5.      At all times herein mentioned, Defendant ratified each and every act or

4   omission complained of herein.

5       6.      Plaintiff is informed and believes, and thereon alleges, that Defendant is in

6   some manner intentionally, negligently, or otherwise responsible for the acts,

7   omissions, occurrences, and transactions alleged herein.

8                           **CLASS ACTION ALLEGATIONS**

9       7.      Plaintiff brings this action on her own behalf, as well as on behalf of each

10  and all other persons similarly situated, and thus, seeks class certification under

11  Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

12      8.      All claims alleged herein arise under California law for which Plaintiff

13  seeks relief authorized by California law.

14      9.      The proposed class consists of and is defined as:

15              All non-exempt or hourly paid employees who have been employed by

16              Defendant in the State of California within four years prior to the filing

17              of this complaint until resolution of this lawsuit.

18      10.     Plaintiff reserves the right to establish sub-classes as appropriate.

19      11.     There is a well-defined community of interest in the litigation and the class

20  is readily ascertainable:

21          a.      Numerosity:  The members of the class (and each subclass, if any) are

22  so numerous that joinder of all members would be unfeasible and impractical.  The

23  membership of the entire class is unknown to Plaintiff at this time, however, the

24  class is estimated to be greater than one-hundred (100) individuals and the identity

25  of such membership is readily ascertainable by inspection of Defendant's

26  employment records.

27          b.      Typicality:  Plaintiff is qualified to, and will, fairly and adequately

28  protect the interests of each class member with whom she has a well defined

-3-

CLASS ACTION COMPLAINT

1   community of interest, and Plaintiff's claims (or defenses, if any) are typical of all

2   class members' as demonstrated herein.

3       c.   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately,

4   protect the interests of each class member with whom she has a well-defined

5   community of interest and typicality of claims, as alleged herein.  Plaintiff

6   acknowledges that she has an obligation to make known to the Court any

7   relationship, conflicts, or differences with any class member.  Plaintiff's attorneys,

8   the proposed class counsel, are versed in the rules governing class action discovery,

9   certification, and settlement.  Plaintiff has incurred, and throughout the duration of

10   this action will continue to incur costs and attorneys' fees that have been, are, and

11   will be necessarily expended for the prosecution of this action for the substantial

12   benefit of each class member.

13       d.   Superiority:  The nature of this action makes the use of class action

14   adjudication superior to other methods.  Class action will achieve economies of

15   time, effort and expense as compared with separate lawsuits, and will avoid

16   inconsistent outcomes because the same issues can be adjudicated in the same

17   manner and at the same time for the entire class.

18       e.   Public Policy Considerations:  Employers of the State violate

19   employment and labor laws every day.  Current employees are often afraid to assert

20   their rights out of fear of direct or indirect retaliation.  Former employees are fearful

21   of bringing actions because they believe their former employers might damage their

22   future endeavors through negative references and/or other means.  Class actions

23   provide the class members who are not named in the complaint with a type of

24   anonymity that allows for the vindication of their rights at the same time as their

25   privacy is protected.

26       12.   There are common questions of law and fact as to the class (and each

27   subclass, if any) that predominate over questions affecting only individual members,

28   including but not limited to:

a.     Whether Defendant failed to promptly pay all wages due to Plaintiff and other class members upon their discharge or resignation;

c.     Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the <u>California Labor Code</u>, was willful;

d.     Whether Defendant deprived Plaintiff and other class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

e.     Whether Defendant deprived Plaintiff and other class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

f.     Whether Defendant complied with wage reporting as required by the <u>California Labor Code</u>; including but not limited to § 226;

g.     Whether Defendant failed to indemnify and/or reimburse Plaintiff and other class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

h.     Whether Defendant's conduct was willful or reckless;

i.     Whether Defendant engaged in unfair business practices in violation of <u>California Business & Professions Code</u> §§ 17200, <u>et seq</u>.; and,

j.     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendant's violations of California law.

## **GENERAL ALLEGATIONS**

13.   At all times set forth, Defendant employed Plaintiff and other persons as non-exempt or hourly paid employees.

14.   Defendant employed Plaintiff as a Security Patrol Officer, which is a non-exempt or hourly paid position, from on or about April 2005 to on or about June 2007, at the Los Angeles County, California business location.

15.   Defendant continues to employ non-exempt or hourly paid employees within California and through the United States.

16.     Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendant was advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

17.     Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and other class members were entitled to receive all wages owed to them upon discharge.

18.     Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.     Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

20.     Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law.

21.     Plaintiff is informed and believes, and thereon alleges that Defendant knew or should have known that Plaintiff and other class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

22.     Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendant knew or should have known that it had a duty to compensate Plaintiff and other class members, and that Defendant had the financial

-6-

1  ability to pay such compensation, but willfully, knowingly, and intentionally failed
2  to do so, and falsely represented to Plaintiff and other class members that they were
3  properly denied wages, all in order to increase Defendant's profits.

4      23.    California Labor Code § 218 states that nothing in Article 1 of the Labor
5  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or
6  penalty due him [or her] under this article."

7                           **FIRST CAUSE OF ACTION**
8              **Violation of California Labor Code §§ 201 and 202**

9      24.    Plaintiff incorporates by reference and re-alleges as if fully stated herein
10  the material allegations set out in paragraphs 1 through 23.

11     25.    At all times herein set forth, California Labor Code §§ 201 and 202
12  provide that if an employer discharges an employee, the wages earned and unpaid at
13  the time of discharge are due and payable immediately, and that if an employee
14  voluntarily leaves his or her employment, his or her wages shall become due and
15  payable not later than seventy-two (72) hours thereafter, unless the employee has
16  given seventy-two (72) hours previous notice of his or her intention to quit, in which
17  case the employee is entitled to his or her wages at the time of quitting.

18     26.    During the relevant time period, Defendant willfully failed to pay Plaintiff
19  and other class members who are no longer employed by Defendant their wages,
20  earned and unpaid, either at the time of discharge, or within seventy-two (72) hours
21  of their leaving Defendant's employ.

22     27.    Defendant's failure to pay Plaintiff and those class members who are no
23  longer employed by Defendant their wages earned and unpaid at the time of
24  discharge, or within seventy-two (72) hours of their leaving Defendant's employ, is
25  in violation of California Labor Code §§ 201 and 202.

26     28.    California Labor Code § 203 provides that if an employer wilfully fails to
27  pay wages owed, in accordance with §§ 201 and 202, then the wages of the
28  employee shall continue as a penalty from the due date, and at the same rate until

1  paid or until an action is commenced; but the wages shall not continue for more than
2  thirty (30) days.

3      29.   Plaintiff and other class members are entitled to recover from Defendant
4  the statutory penalty for each day they were not paid, at their regular hourly rate of
5  pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

6                    **SECOND CAUSE OF ACTION**
7              **Violation of California Labor Code § 204**

8      30.   Plaintiff incorporates by reference and re-alleges as if fully stated herein
9  the material allegations set out in paragraphs 1 through 29.

10     31.   At all times herein set forth, California Labor Code § 204 provides that all
11 wages earned by any person in any employment between the 1st and the 15th days,
12 inclusive, of any calendar month, other than those wages due upon termination of an
13 employee, are due and payable between the 16th and the 26th day of the month
14 during which the labor was performed.

15     32.   At all times herein set forth, California Labor Code § 204 provides that all
16 wages earned by any person in any employment between the 16th and the last day,
17 inclusive, of any calendar month, other than those wages due upon termination of an
18 employee, are due and payable between the 1st and the 10th day of the following
19 month.

20     33.   At all times herein set forth, California Labor Code § 204 provides that all
21 wages earned for labor in excess of the normal work period shall be paid no later
22 than the payday for the next regular payroll period.

23     34.   During the relevant time period, Defendant willfully failed to pay Plaintiff
24 and other class members all wages due to them, within any time period permissible
25 by California Labor Code § 204.

26     35.   Plaintiff and the other class members are entitled to recover all remedies
27 available for violations of California Labor Code § 204.

28     36.   Plaintiff is informed and believes that Defendant is guilty of oppression,

1   fraud, or malice, thereby warranting an award of punitive damages against

2   Defendant for the sake of example, and to punish Defendant and deter others from

3   engaging in similar misconduct.

4                              **THIRD CAUSE OF ACTION**

5            **Violation of <u>California Labor Code</u> §§ 226.7 and 512(a)**

6        37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

7   the material allegations set out in paragraphs 1 through 36.

8        38.    At all times herein set forth, the applicable Industrial Welfare Commission

9   ("IWC") Wage Order and <u>California Labor Code</u> §§ 226.7 and 512(a) were

10  applicable to Plaintiff's and the other class members' employment by Defendant.

11       39.    At all times herein set forth, <u>California Labor Code</u> § 226.7 provides that

12  no employer shall require an employee to work during any meal period mandated by

13  an applicable order of the California Industrial Welfare Commission.

14       40.    At all times herein set forth, the applicable IWC Wage Order and

15  <u>California Labor Code</u> § 512(a) provide that an employer may not require, cause or

16  permit an employee to work for a period of more than five (5) hours per day without

17  providing the employee with an uninterrupted meal period of not less than thirty

18  (30) minutes, except that if the total work period per day of the employee is not

19  more than six (6) hours, the meal period may be waived by mutual consent of both

20  the employer and the employee.

21       41.    At all times herein set forth, the applicable IWC Wage Order and

22  <u>California Labor Code</u> § 512(a) further provide that an employer may not require,

23  cause or permit an employee to work for a period of more than ten (10) hours per

24  day without providing the employee with a second uninterrupted meal period of not

25  less than thirty (30) minutes, except that if the total hours worked is not more than

26  twelve (12) hours, the second meal period may be waived by mutual consent of the

27  employer and the employee only if the first meal period was not waived.

28       42.    During the relevant time period, Plaintiff and other members of the class

1   who were scheduled to work for a period of time no longer than six (6) hours, and
2   who did not waive their legally-mandated meal periods by mutual consent, were
3   required to work for periods longer than five (5) hours without an uninterrupted
4   meal period of not less than thirty (30) minutes.

5       43.    During the relevant time period, Plaintiff and other class members who
6   were scheduled to work for a period of time in excess of six (6) hours were required
7   to work for periods longer than five (5) hours without an uninterrupted meal period
8   of not less than thirty (30) minutes.

9       44.    During the relevant time period, Plaintiff and other members of the class
10  who were scheduled to work in excess of ten (10) hours but not longer than twelve
11  (12) hours, and who did not waive their legally-mandated meal periods by mutual
12  consent were required to work in excess of ten (10) hours without receiving a
13  second uninterrupted meal period of not less than thirty (30) minutes.

14      45.    During the relevant time period, Plaintiff and other class members who
15  were scheduled to work for a period of time in excess of twelve (12) hours were
16  required to work for periods longer than ten (10) hours without a second
17  uninterrupted meal period of not less than thirty (30) minutes.

18      46.    During the relevant time period, Defendant willfully required Plaintiff and
19  other members of the class to work during meal periods and failed to compensate
20  Plaintiff and members of the class the full meal period premium for work performed
21  during meal periods.

22      47.    During the relevant time period, Defendant failed to pay Plaintiff and class
23  members the full meal period premium due pursuant to California Labor Code §
24  226.7.

25      48.    Defendant's conduct violates the applicable IWC Wage Orders and
26  California Labor Code §§ 226.7 and 512(a).

27      49.    Pursuant to the applicable IWC Wage Orders and California Labor Code §
28  226.7(b), Plaintiff and other members of the class are entitled to recover from

1  Defendant one additional hour of pay at the employees' regular hourly rate of

2  compensation for each work day that the meal period was not provided.

3      50.    Plaintiff is informed and believes that Defendant is guilty of oppression,

4  fraud, or malice, thereby warranting an award of punitive damages against

5  Defendant for the sake of example, and to punish Defendant and deter others from

6  engaging in similar misconduct.

7  <div align="center">**FOURTH CAUSE OF ACTION**</div>

8  <div align="center">**Violation of <u>California Labor Code</u> § 226.7**</div>

9      51.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

10  the material allegations set out in paragraphs 1 through 50.

11      52.    At all times herein set forth, the applicable IWC Wage Order and

12  <u>California Labor Code</u> § 226.7 were applicable to Plaintiff's and other class

13  members' employment by Defendant.

14      53.    At all times herein set forth, <u>California Labor Code</u> § 226.7 provides that

15  no employer shall require an employee to work during any rest period mandated by

16  an applicable order of the California Industrial Welfare Commission.

17      54.    At all times herein set forth, the applicable IWC Wage Order  provides

18  that "[e]very employer shall authorize and permit all employees to take rest periods,

19  which insofar as practicable shall be in the middle of each work period" and that the

20  "rest period time shall be based on the total hours worked daily at the rate of ten

21  (10) minutes net rest time per four (4) hours or major fraction thereof" unless the

22  total daily work time is less than three and one-half (3½) hours.

23      55.    During the relevant time period, Defendant required Plaintiff and other

24  members of the class to work four (4) or more hours without authorizing or

25  permitting a ten (10) minute rest period per each four (4) hour period worked.

26      56.    During the relevant time period, Defendant willfully required Plaintiff and

27  other members of the class to work during rest periods and failed to compensate

28  Plaintiff and members of the class for work performed during rest periods.

57.    During the relevant time period, Defendant failed to pay Plaintiff and class members the full rest period premium due pursuant to <u>California Labor Code</u> § 226.7.

58.    Defendant's conduct violates applicable IWC Wage Orders and <u>California Labor Code</u> § 226.7.

59.    Pursuant to the applicable IWC Wage Orders and <u>California Labor Code</u> § 226.7(b), Plaintiff and other members of the class are entitled to recover from Defendant one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

60.    Plaintiff is informed and believes that Defendant is guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendant for the sake of example, and to punish Defendant and deter others from engaging in similar misconduct.

## FIFTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> § 226(a)

61.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 60.

62.    At all material times set forth herein, <u>California Labor Code</u> § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including total hours worked by the employee, all applicable hourly rates, his or her Social Security number, and the full and correct name and address of the employer, among other things.

63.    Defendant has intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to include the total hours worked by Plaintiff and other class members, the failure to list all applicable hourly rates, the failure to include the employee's Social Security number, and the failure to provide the full and correct

1    name of the employer entity.

2        64.    As a result of Defendant's violation of <u>California Labor Code</u> § 226(a),

3    Plaintiff and other class members have suffered injury and damage to their

4    statutorily-protected rights.

5        65.    Specifically, Plaintiff and other class members have been injured by

6    Defendant's intentional violation of <u>California Labor Code</u> § 226(a) because they

7    were denied both their legal right to receive, and their protected interest in receiving,

8    accurate, itemized wage statements under <u>California Labor Code</u> § 226(a).

9        66.    Plaintiff and other class members are entitled to recover from Defendant

10   the greater of their actual damages caused by Defendant's failure to comply with

11   <u>California Labor Code</u> § 226(a), or an aggregate penalty not exceeding four

12   thousand dollars per employee.

13       67.    Plaintiff and other class members are also entitled to injunctive relief to

14   ensure compliance with this section, pursuant to <u>California Labor Code</u> § 226(g).

15                         **SIXTH CAUSE OF ACTION**

16              **Violation of <u>California Labor Code</u> §§ 2800 and 2802**

17       68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

18   the material allegations set out in paragraphs 1 through 67.

19       69.    At all times herein set forth <u>California Labor Code</u> §§ 2800 and 2802

20   provide that an employer must reimburse employees for all necessary expenditures.

21       70.    Plaintiff and other class members incurred necessary business-related

22   expenses and costs that were not fully reimbursed by Defendant, including and

23   without limitation, expenses and costs for guard cards, firearm permits and firearm

24   certification that resulted from their employment with Defendant.  Specifically,

25   Defendant had, and continues to have, a policy and practice of requiring employees,

26   including Plaintiff and class members, to pay for business-related expenses and

27   costs, including guard cards, firearm permits and firearm certification, from their

28   own funds.  Defendant had, and continues to have, a policy of not reimbursing

1 | employees, including Plaintiff and class members, for said business-related
2 | expenses and costs.

3 | 71. Defendant has intentionally and willfully failed to fully reimburse Plaintiff
4 | and other class members for necessary business-related expenses and costs.

5 | 72. Plaintiff and other class members are entitled to recover from Defendant
6 | their business-related expenses incurred during the course and scope of their
7 | employment, plus interest, pursuant to California Labor Code §§ 2800 and 2802.

8 | 73. Plaintiff is informed and believes that Defendant is guilty of oppression,
9 | fraud, or malice, thereby warranting an award of punitive damages against
10 | Defendant for the sake of example, and to punish Defendant and deter others from
11 | engaging in similar misconduct.

12 | **SEVENTH CAUSE OF ACTION**

13 | **Violation of California Business & Professions Code §§ 17200, et seq.**

14 | 74. Plaintiff incorporates by reference and re-alleges as if fully stated herein
15 | the material allegations set out in paragraphs 1 through 73.

16 | 75. Defendant's conduct, as alleged herein, has been, and continues to be,
17 | unfair, unlawful, and harmful to Plaintiff, other class members, and to the general
18 | public. Plaintiff seeks to enforce important rights affecting the public interest within
19 | the meaning of Code of Civil Procedure § 1021.5.

20 | 76. Defendant's activities as alleged herein are violations of California law,
21 | and constitute unlawful business acts and practices in violation of California
22 | Business & Professions Code §§ 17200, et seq.

23 | 77. A violation of California Business & Professions Code §§ 17200, et seq.
24 | may be predicated on the violation of any state or federal law. In the instant case,
25 | Defendant's policy and practice of requiring non-exempt or hourly employees,
26 | including Plaintiff and class members, to work through their meal and rest periods
27 | without paying them proper compensation violates California Labor Code §§ 226.7
28 | and 512(a). Moreover, Defendant's policy and practice of not reimbursing non-

-14-

1 exempt or hourly employees, including Plaintiff and class members, for business-

2 related expenses and costs violates California Labor Code §§ 2800 and 2802.

3 Furthermore, during the relevant time period, Defendant failed to pay Plaintiff and

4 other class members the all wages due to them, within any time period permissible

5 by California Labor Code § 204.

6     78.    Plaintiff and putative class members have been personally injured by

7 Defendant's unlawful business acts and practices as alleged herein, including but not

8 necessarily limited to the loss of money or property.

9     79.    Pursuant to California Business & Professions Code §§ 17200, et seq.,

10 Plaintiff and putative class members are entitled to restitution of the wages withheld

11 and retained by Defendant during a period that commences four years prior to the

12 filing of this complaint; a permanent injunction requiring Defendant to pay all

13 outstanding wages due to Plaintiff and class members; an award of attorneys' fees

14 pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws;

15 and an award of costs.

16                     **REQUEST FOR JURY TRIAL**

17     Plaintiff requests a trial by jury.

18                     **PRAYER FOR RELIEF**

19     Plaintiff, and on behalf of all others similarly situated, prays for relief and

20 judgment against Defendant as follows:

21                     Class Certification

22   1.     That this action be certified as a class action;

23   2.     That Plaintiff be appointed as the representative of the Class; and,

24   3.     That counsel for Plaintiff be appointed as Class Counsel.

25                As to the First Cause of Action

26   4.     That the Court declare, adjudge and decree that Defendant violated

27 California Labor Code §§ 201, 202, and 203 by willfully failing to pay all

28 compensation owed at the time of the termination of the employment of Plaintiff

1 | and other terminated class members;

2 | 5.    For all actual, consequential and incidental losses and damages, according

3 | to proof;

4 | 6.    For statutory penalties pursuant to <u>California Labor Code</u> § 203 for

5 | Plaintiff and all other class members who have left Defendants' employ; and,

6 | 7.    For such other and further relief as the Court may deem equitable and

7 | appropriate.

8 | <u>As to the Second Cause of Action</u>

9 | 8.    That the Court declare, adjudge and decree that Defendant violated

10 | <u>California Labor Code</u> § 204 by willfully failing to pay all compensation owed at

11 | the time required by <u>California Labor Code</u> § 204, to Plaintiff and class members;

12 | 9.    For all actual, consequential and incidental losses and damages, according

13 | to proof;

14 | 10.    For pre-judgment interest on any untimely paid compensation, from the

15 | date such amounts were due;

16 | 11.    For punitive and/or exemplary damages according to proof at trial; and,

17 | 12.    For such other and further relief as the Court may deem equitable and

18 | appropriate.

19 | <u>As to the Third Cause of Action</u>

20 | 13.    That the Court declare, adjudge and decree that Defendant violated

21 | <u>California Labor Code</u> §§ 226.7 and 512 and applicable IWC Wage Orders by

22 | willfully failing to provide all meal periods to Plaintiff and class members;

23 | 14.    That the Court make an award to the Plaintiff and class members

24 | of one (1) hour of pay at each employee's regular rate of compensation for each

25 | workday that a meal period was not provided;

26 | 15.    For all actual, consequential, and incidental losses and damages, according

27 | to proof;

28 | 16.    For premiums pursuant to <u>California Labor Code</u> § 226.7(b);

17.     For punitive and/or exemplary damages according to proof at trial; and,

18.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

19.     That the Court declare, adjudge and decree that Defendant violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

20.     That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.     For all actual, consequential, and incidental losses and damages, according to proof;

22.     For premiums pursuant to California Labor Code § 226.7(b);

23.     For punitive and/or exemplary damages according to proof at trial; and,

24.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25.     That the Court declare, adjudge and decree that Defendant violated the record keeping provisions of California Labor Code § 226(a) and applicable sections of the Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate semi-monthly itemized wage statements thereto;

26.     For all actual, consequential and incidental losses and damages, according to proof;

27.     For statutory penalties pursuant to California Labor Code § 226(e);

28.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

29.     For such other and further relief as the Court may deem equitable and appropriate.

CLASS ACTION COMPLAINT

1 | \\

2 | <u>As to the Sixth Cause of Action</u>

3 | 30.   That the Court declare, adjudge and decree that Defendant violated

4 | <u>California Labor Code</u> §§ 2800 and 2802 by willfully failing to pay all business-

5 | related expenses owed to Plaintiff and class members;

6 | 31.   For unpaid wages and such general and special damages as may be

7 | appropriate;

8 | 32.   For pre-judgment interest on any unpaid wages from the date such

9 | amounts were due;

10 | 33.   For all actual, consequential and incidental losses and damages, according

11 | to proof;

12 | 34.   For punitive and/or exemplary damages according to proof at trial; and,

13 | 35.   For such other and further relief as the Court may deem equitable and

14 | appropriate.

15 | <u>As to the Seventh Cause of Action</u>

16 | 36.   That the Court declare, adjudge and decree that Defendant violated

17 | <u>California Business and Professions Code</u> §§ 17200, <u>et seq.</u> by failing to provide

18 | Plaintiff and class members all meal and rest periods, failing to pay for all missed

19 | meal and rest periods to Plaintiff and class members, failing to reimburse for all

20 | business-related expenses, and failing to pay Plaintiff and class members' wages

21 | timely as required by <u>California Labor Code</u> § 204;

22 | 37.   For restitution of unpaid wages to Plaintiff and all class members and

23 | prejudgment interest from the day such amounts were due and payable;

24 | 38.   For the appointment of a receiver to receive, manage and distribute any

25 | and all funds disgorged from Defendants and determined to have been wrongfully

26 | acquired by Defendants as a result of violations of <u>California Business &</u>

27 | <u>Professions Code</u> §§ 17200 <u>et seq.</u>;

28 | 39.   For reasonable attorneys' fees and costs of suit incurred herein that

1  Plaintiff and other class members are entitled to recover under <u>California Code of</u>

2  <u>Civil Procedure</u> § 1021.5;

3      40.    For injunctive relief to ensure compliance with this section, pursuant to

4  <u>California Business & Professions Code</u> §§ 17200 <u>et seq.</u>; and,

5      41.    For such other and further relief as the Court may deem equitable and

6  appropriate.

7

8  Dated:  May 15, 2008                    Respectfully submitted,
                                           Initiative Legal Group LLP
9

10

11  By: _____
                                           Mark Yablonovich
12                                         Marc Primo
                                           Matthew T. Theriault
13                                         Lory N. Ishii
14                                         Dina Livhits
                                           Attorneys for Plaintiff and for Class Members
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
## DEMAND FOR JURY TRIAL

3    Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

4    Rules of Civil Procedure.

5
6    Dated:  May 15, 2008                    Respectfully submitted,

7                                            Initiative Legal Group LLP

8
9
10   By:  _____

11   Mark Yablonovich

     Marc Primo
12
     Matthew T. Theriault
13   Lory N. Ishii

     Dina Livhits
14   Attorneys for Plaintiff and for Class Members

15
16
17
18
19
20
21
22
23
24
25
26
27
28

-20-

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV08- 3241 DSF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Mark Yablonovich, Esq. (SBN 186670)
Marc Primo, Esq. (SBN 216796)
Matthew T. Theriault, Esq. (SBN 244037)
Initiative Legal Group LLP
1800 Century Park East, 2nd Flr., LA, CA 90067
(See attached ATTACHMENT TO SUMMONS)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA KISLIUK, et al;<br>(See attached ATTACHMENT TO SUMMONS)<br><div align="right">PLAINTIFF(S)</div><br>v.<br>ADT SECURITY SERVICES, INC. a Delaware<br>Corporation<br><br><div align="right">DEFENDANT(S).</div> | CASE NUMBER<br><br>CV08-03241 DSF (RZx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Initiative Legal Group LLP _____, whose address is  1800 Century Park East, 2nd Floor, Los Angeles, California 90067 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:     MAY 15 2008

By: _____
                   Deputy Clerk

                   *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT TO SUMMONS

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
Matthew T. Theriault  (SBN 244037)
Lory Ishii (SBN 242243)
Dina Livhits (SBN 245646)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Email:  MPrimo@InitiativeLegal.com

## PLAINTIFFS:

LILIYA KISLIUK, individually, and on behalf of other members of the general public similarly situated.

## DEFENDANTS:

ADT SECURITY SERVICES, INC. a Delaware Corporation.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| LILIYA KISLIUK, individually, and on behalf of other members of the general public similarly situated | ADT SECURITY SERVICES, INC. a Delaware Corporation; |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Initiative Legal Group, LLP     Telephone: 310-556-5637 1800 Century Park East, 2nd Floor   Los Angeles, CA 90067 (See attached ATTACHMENT TO CIVIL COVER SHEET) | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff     □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant     ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify):    □ 6 Multi-District Litigation    □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   □ No        ☑ MONEY DEMANDED IN COMPLAINT: $ For damages according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CLASS ACTION FAIRNESS ACT ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005); 28 U.S.C §§1331-1332;  28 U.S.C.§1367; 28 U.S.C.§1391(a) and (b)
Brief Description: Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities /Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | REAL PROPERTY | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   □ Yes

If yes, list case number(s): _____

FOR OFFICE USE ONLY:   Case Number: _____

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

CV08-03241

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

#### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Los Angeles County, California

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    ADT SECURITY SERVICES, INC. a Delaware Corporation

**List the California County,** or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
    Los Angeles County,  plus the entire state of California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Merritt Steven_ _____ **Date**   May 15, 2008

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# ATTACHMENT TO CIVIL CASE COVER SHEET

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
Matthew T. Theriault  (SBN 244037)
Lory Ishii (SBN 242243)
Dina Livhits (SBN 245646)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Email:  MPrimo@InitiativeLegal.com

## PLAINTIFFS:

LILIYA KISLIUK, individually, and on behalf of other members of the general public similarly situated.

## DEFENDANTS:

ADT SECURITY SERVICES, INC. a Delaware Corporation.