1  Mark Yablonovich (SBN 186670)
2  Marc Primo (SBN 216796)
   Matthew T. Theriault (SBN 244037)
3  Lory N. Ishii (SBN 242243)
   Dina Livhits (SBN 245646)
4  Initiative Legal Group LLP
5  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
6  Telephone: (310) 556-5637
7  Facsimile: (310) 861-9051
   Email:  MTheriault@InitiativeLegal.com
8          LIshii@InitiativeLegal.com
9          DLivhits@InitiativeLegal.com

10

11  Attorneys for Plaintiff LILIYA KISLIUK

12

13              UNITED STATES DISTRICT COURT

14  CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| 16  LILIYA KISLIUK, individually, and on behalf of other members of the general 17  public similarly situated, | Case Number:   CV08-03241 DSF (RZx) |
| 18              Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS AND TO DISMISS PLAINTIFF'S FIFTH AND SIXTH CLAIMS FOR RELIEF** |
| 19 | |
| 20       vs. | |
| 21  ADT SECURITY SERVICES, INC., a 22  Delaware Corporation; | |
| 23              Defendant. | Date:   July 7, 2008 |
| 24 | Time:   1:30 p.m. |
| 25 | Place   Roybal, Courtroom 840 |

26

27

28

# **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES...................................................................................ii

I.   PRELIMINARY STATEMENT ...................................................................... 2

II.  STATEMENT OF FACTS ............................................................................... 2

III. ARGUMENT.................................................................................................... 4

   A.   Applicable Standards under a Motion to Dismiss..................................... 4

   B.   Plaintiff's Class Allegations are Sufficient ............................................. 4

      1.   The Class Definition is Logical and Plaintiff is a Member of the Class.................................................................................... 5

      2.   The Class is so Numerous that Joinder of all Member is Impracticable............................................................................... 6

      3.   There are Common Questions of Law or Fact Common to the Class.................................................................................. 6

      4.   Plaintiff's Claims are Typical of the Claims of the Class ............ 6

      5.   Plaintiff's will Fairly and Adequately Represent the Class.......... 8

      6.   Plaintiff's has Adequately Alleged all Three Criteria Under Rule 23(b) ........................................................................ 9

   C.   The Fifth Cause of Action Should Not Be Dismissed ........................... 10

      1.   California Labor Code Section 226(e) Requires only an Infringement of the Legal Right to Receive Proper Notice Under Section 226(a) ..................................................... 11

      2.   Irrespective of the Definition of Injury, Plaintiff has Stated a Proper Claim for Relief................................................. 20

   D.   The Sixth Cause of Action Should Not be Dismissed ........................... 21

IV. CONCLUSION................................................................................................ 22

i

# TABLE OF AUTHORITIES

PAGE(S)

## FEDERAL CASES

Armstrong v. Davis
    275 F.3d 849, 868 (9th Cir. 2001) ................................................................ 6

Baum v. Great Western Cities, Inc., of New Mexico
    703 F.2d. 1197, 1210 (10th Cir. 1987) ...................................................... 8

Blackie v. Barrack
    524 F.2d 891, 901 fn. 17, 905 (9th Cir. 1975).................................... 9, 10, 21

Brown v. Federal Express Corp.
    Central District Court Case No. CV 07-5011 DSF (PJWx)
    (February 26, 2008) ........................................................................................ 7

Chong v. State Farm Mut. Auto. Ins. Co.
    428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006)................................... 5

Dimidowich v. Bell & Howell
    803 F.2d 1473, 1482 (9th Cir. 1986) ................................................... 11

Homedics, Inc. v. Valley Forge Ins. Co.
    315 F.3d 1135, 1138 (9th Cir. 2003) ................................................... 4

Johnson v. GMRI, Inc.
    No. CV-F-07-0283 LJO DLB........................................................................ 7

In re Wal-Mart Stores, Inc.
    505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) ............................... 4,5

Lusardi v. Xerox Corp.
    122 F.R.D. 463 (D.N.J. 1988) ......................................................... 7

Kamm v. California City Development Company
    (9th Cir. 1975) 509 F.2d ............................................................. 4, 7

Koons Buick Pontiac GMC, Inc. v. Nigh
    (2004) 543 U.S. 50, 53-54. .................................................. 14

# TABLE OF AUTHORITIES (CONT'D)

PAGE(S)

Krzesniak v. Cendant Corp.
   No. C 05-05156 MEJ (N.D. Cal. June 20, 2007). ............................................. 7

Migliori v. Boeing N. Am., Inc.
   97 F. Supp. 2d 1001, 1007 (C.D. Cal. 2000) ........................................... 10, 14

Perry v. US Bank
   No. C-00-1799-PJH (N.D. Cal. October 17, 2001)....................................... 7

Rodriguez v. California Highway Patrol
   89 F. Supp. 2d 1131, 1143 (N.D. Cal. 2000)....................................................... 6

Terracom v. Valley Nat'l Bank
   49 F.3d 555 (9th Cir. 1995). ................................................................... 5

Todd v. Exxon Corp.
   275 F.3d 191, 202 n. 5 (2d Cir. 2001). ..................................................... 5

Yaffe v. Powers
   454 F.2d 1362, 1666 (1972) ................................................................... 8

# TABLE OF AUTHORITIES (CONT'D)

PAGE(S)

## CALIFORNIA CASES

Cicairos v. Summit Logistics, Inc.
  (2005) 133 Cal. App. 4th 949, 955 ................................................................ 18

Connerly v. State Personnel Bd.
  (2006) 37 Cal. 4th 1169, 1176 .................................................................... 12

Grupe Development Co. v. Superior Court
  (1993) 4 Cal. 4th 911, 932 .......................................................................... 18

In re Marriage of Harris
  (2004) 34 Cal. 4th 210, 221 ........................................................................ 12

In State Water Resources Control Board Cases
  (2006) 136 Cal. App. 4th 674, 738-740 ........................................................ 20

Marine W. v. Bradshaw
  14 Cal. 4th 557, 576 (1996) ........................................................................ 21

Murphy v. Kenneth Cole Prods.
  40 Cal. 4th 1094, 1106, fn. 7 (2007) ............................................................ 21

Nat'l Steel & Shipbuilding Co. v. Superior Court
  (2006) 135 Cal. App. 4th 1072, 1078 ............................................................ 15

Reno v. Baird
  (1998) 18 Cal. 4th 640, 658 ........................................................................ 18

Roth v. Cottrel
  (1952) 112 Cal. App. 2d 621, 624 ................................................................ 20

Woodruff v. North Bloomfield Gravel Mining Co
  C.C.Cal., 18 F. 781 ............................................................................. 13, 20

# TABLE OF AUTHORITIES (CONT'D)

PAGE(S)

## FEDERAL STATUTES

Class Action Fairness Act, 28 U.S.C. § 1332 ........................................................ .2

Federal Rules of Civil Procedure (F.R.C.P.) 8(a)(2) .............................................. .4

Federal Rules of Civil Procedure (F.R.C.P.) 12(b)(6) ............................................. .4

Federal Rules of Civil Procedure (F.R.C.P.) 12(d) ................................................. .4

Federal Rules of Civil Procedure (F.R.C.P.) 23 ................................................ .5, 8, 9

Federal Rules of Civil Procedure (F.R.C.P.) 23(a)(1) .............................................. 6

Federal Rules of Civil Procedure (F.R.C.P.) 23(a)(2) .............................................. 6

Federal Rules of Civil Procedure (F.R.C.P.) 23(a)(3) .............................................. 8

Federal Rules of Civil Procedure (F.R.C.P.) 23(a)(4) .............................................. 8

Federal Rules of Civil Procedure (F.R.C.P.) 23(b) .................................................. .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(1) .............................................. .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(2) .............................................. .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(3) .............................................. .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(3)(A) ......................................... .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(3)(B) ......................................... .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(3)(C) ......................................... .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(b)(3)(D) ......................................... .9

Federal Rules of Civil Procedure (F.R.C.P.) 23(c)(1)(B) .......................................... .5

15 U.S.C. §1601, et seq. (the "Federal Truth in Lending Act") ............................. .14

# TABLE OF AUTHORITIES (CONT'D)

PAGE(S)

## CALIFORNIA STATUTES

California Business & Professions Code § 17200, et seq. ........................................... 3

California Labor Code § 201 and § 202 ...................................................................... 3

California Labor Code § 204 ...................................................................................... 3

California Labor Code § 226 ........................... 16, 18 California Labor Code § 226 (a)

California Labor Code § 226 (e) ........................... 10, 11, 12, 13, 14, 15, 16, 17, 18, 22

California Labor Code § 226 (f) ............................................................................ 16, 17

California Labor Code § 226 (g) ........................................................................ 11, 14, 17

California Labor Code § 226.7 .................................................................................... 3

California Labor Code § 2800 and § 2802 .................................................................... 3

California Labor Code § 2802                                                                        22

## LEGISLATION

California State Assembly Bill 2509 ....................................................... 12, 13, 19

California State Assembly Bill 3731 ........................................................ 12, 15, 16

## MISCELLANEOUS

Dept. of Industrial Relations, DLSE,

    Opinion Letter No. 2002.05.17 at 3, 13 .................................................. 18, 19

Dept. of Industrial Relations, DLSE,

    Opinion Letter No. 2006.07.06 at page 3 ...................................................... 19

BLACK'S LAW DICTIONARY

    p. 87, col. 2; p. 466, col. 1; p. 924, col. 1; (4TH Edition 1968) ..... 12,13,16, 20

## I.    PRELIMINARY STATEMENT

Defendant ADT SECURITY SERVICES, INC ("Defendant")'s motions to dismiss and strike Plaintiff LILIYA KISLIUK ("Plaintiff")'s class allegations must be denied, because Defendant cannot establish the unsuitability of class treatment based upon Plaintiff's well-pleaded complaint.  Further, the Fifth Cause of Action for violations of <u>California Labor Code</u> section 226(a) for wage statement violations cannot be dismissed because the remedies sought by Plaintiff on behalf of herself and the other non-exempt employees is authorized by California state law.  Finally, the Sixth Cause of Action for violations of <u>California Labor Code</u> section 2802 concerning Defendant's failure to reimburse for necessary expenditures is clear and unambiguous such that no exceptions may be read into its provisions.

## II.    STATEMENT OF FACTS

Plaintiff has brought a putative wage and hour class action under the jurisdiction of the Class Action Fairness Act, 28 U.S.C. § 1332, that alleges violations of the California Labor Code.[1]  Plaintiff alleges that she was employed by Defendant within California as Security Patrol Officer, a non-exempt or hourly paid position, from April 2005 until June 2007.  Complaint, ¶ 14.  Defendant employed, and continues to employ, numerous other persons in non-exempt or hourly paid positions.  Complaint, ¶¶ 13 and 15.  Plaintiff alleges that she is a member of class of similarly-situated, non-exempt and hourly-paid employees of Defendant, because each and every cause of action in the Complaint is predicated upon provisions of the California Labor Code that only extend to and specifically protect "non-exempt" employees within California.  Complaint, ¶ 9.[2]

---

[1]    This Court has issued a minute order stating that Plaintiff's jurisdictional allegations are insufficient.  Plaintiff has been ordered to show cause in writing on or before July 21, 2008 why the complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff does not address jurisdictional matters herein.

[2]    Additionally, because of the applicable statute of limitations, the class definition extends only four years preceding the filing of the complaint.

1  Plaintiff alleges that she was subjected to the same violative polices and
2  practices that all non-exempt employees within Defendant's employ were subjected
3  to.  Specifically, in the First Cause of Action, Plaintiff alleges that she and the class
4  members were not paid their final wages within the timeframes set forth by
5  California Labor Code section 201 and 202.  Complaint, ¶ 17, and 24-29.  In the
6  Second Cause of Action, Plaintiff alleges that she and the class members were not
7  paid all wages (not just final wages) in the next applicable time periods as defined
8  by California Labor Code section 204. Complaint, ¶¶ 30-36.  In the Third Cause of
9  Action, Plaintiff alleges that she and the class members were not provided with 30-
10 minute meal periods in accordance with California Labor Code sections 226.7 and
11 512, and when Plaintiff and the class members were required to work through their
12 meal periods, Defendant failed to pay them with premium compensation.
13 Complaint, ¶¶ 37-50.  In the Fourth Cause of Action, Plaintiff alleges that she and
14 the class members were not authorized and permitted to take 10-minute rest breaks
15 in accordance with California Labor Code section 226.7, and when Plaintiff and the
16 class members were required to work through their rest breaks, Defendant failed to
17 pay them premium compensation.  Complaint, ¶¶ 51-60.  In the Fifth Cause of
18 Action, Plaintiff alleges that she and the class members were provided with form
19 wage statements that fail to contain all information required by California Labor
20 Code section 226(a).  Complaint, ¶¶ 61-67.  In the Sixth Cause of Action, Plaintiff
21 alleges that she and the class members were not reimbursed for business-related
22 expenses in accordance with California Labor Code sections 2800 and 2802.
23 Complaint, ¶¶ 68-73.  Finally, in the Seventh Cause of Action, Plaintiff alleges that
24 she and the class members are entitled to restitution of wage and other relief under
25 California Business & Professions Code section 17200, et seq. (the "UCL"), by
26 virtue of Defendant's above-described derogations of the California Labor Code.
27 Complaint, ¶¶ 74-79.
28  Plaintiff intends to file a motion for certification pursuant to Federal Rule of

1 | Civil Procedure 23. However, much of the evidence necessary to sufficiently prove
2 | certification remains within Defendant's possession.

3 | **III.    ARGUMENT**

4 |     **A.    Applicable Standards under a Motion to Dismiss**

5 |        The complaint only has to provide "a short and plain statement of the claim
6 | showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6)
7 | motions test the sufficiency of pleadings. Courts are required to presume that all
8 | well-pleaded allegations are true, resolve all doubts and inferences in the pleader's
9 | favor, and view the pleadings in the light most favorable to the nonmoving party.
10 | Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). A complaint must not be
11 | dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts
12 | in support of the claim that would entitle the plaintiff to relief. Homedics, Inc. v.
13 | Valley Forge Ins. Co., 315 F.3d 1135, 1138 (9th Cir. 2003). No claim should be
14 | dismissed merely because the trial court disbelieves the allegations or feels that
15 | recovery is remote and unlikely. See, e.g., In re Wal-Mart Stores, Inc., 505 F. Supp.
16 | 2d 609, 614-15 (N.D. Cal. 2007) (in wage and hour class action under California
17 | Labor Code, allegations were "suspicious," but the court nonetheless denied
18 | defendant's motions to dismiss and strike because no discovery had been conducted
19 | and because no motion for certification had been brought).

20 |     **B.    Plaintiff's Class Allegations are Sufficient**

21 |        Defendant's motion to dismiss and/or strike the class allegations, if granted,
22 | would serve to preclude Plaintiff from conducting discovery necessary to prove
23 | Rule 23's requirements. In essence, granting Defendant's motion would signal the
24 | death knell of this case proceeding as a class action. Thus, it is only in very rare
25 | circumstances where Rule 23's requirements can be determined without the need for
26 | discovery, for instance, when public records can be judicially-noticed. See, e.g.,
27 | Kamm v. California City Development Co., 509 F.2d 205 (9th Cir. 1975) (previous
28 | litigation and settlement of same claims were public record, thus district court did

1  not err by dismissing class allegations based on existence of an adequate and

2  alternate method of resolution);[3]  see also Chong v. State Farm Mut. Auto. Ins. Co.,

3  428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006) ("Defendant . . . moves to strike

4  Plaintiff's class allegations . . . Plaintiff counters and, in an opposition that reads like

5  a motion for class certification, argues that her class allegations meet the standard

6  set forth in [Rule 23].  Both parties are getting ahead of themselves.").  Perceived

7  difficulties in meeting Rule 23's requirements do not justify dismissal of class

8  allegations.  See, e.g., Todd v. Exxon Corp., 275 F.3d 191, 202 n. 5 (2d Cir. 2001)

9  ("Difficulty meeting the predominance and typicality requirements for Rule 23

10  certification . . . does not indicate that plaintiff fails to state a claim upon which

11  relief can be granted; district court's dismissal of complaint reversed."); In re Wal-

12  Mart Stores, supra, (motion to dismiss/strike class allegations denied).

13        Plaintiff has sufficiently alleged the existence of a class action under Rule 23.

14             1.    The Class Definition is Logical and Plaintiff is a Member of the

15                   Class

16        Plaintiff worked for Defendant as a non-exempt employee during the class

17  period.  Complaint, ¶ 14.  Defendant employed, and continues to employ, numerous

18  other persons in non-exempt or hourly paid positions.  Complaint, ¶ 13 and 15.

19  Thus, Plaintiff is a member of the class she seeks to represent: "All non-exempt or

20  hourly paid employees who have been employed by Defendant in the State of

21  California within four years prior to the filing of this complaint until resolution of

22  this lawsuit."  Complaint ¶ 9.  See Fed. R. Civ. Proc. 23(c)(1)(B).

23

24

25

26  [3]      In Rule 12(b)(6) motions, parties may submit extrinsic evidence by way of affidavit,
      but it would be an error to consider them without converting the motion to dismiss into a
27  request for summary judgment pursuant to Rule 12(d).  See Terracom v. Valley Nat'l
      Bank, 49 F.3d 555 (9th Cir. 1995).

28

1          2.      <u>The Class is so Numerous that Joinder of all Members is</u>
2                  <u>Impracticable</u>
3          While the precise number of individuals employed in non-exempt or hourly
4  paid positions is information entirely within Defendant's possession, Plaintiff
5  reasonably estimates that number to 100 or more.  Complaint, ¶ 1 and 11a.  The
6  sheer number of class members and their locations throughout California make
7  joinder impracticable.  Complaint, ¶ 9 and 11a.  Fed. R. Civ. Proc. 23(a)(1).
8          3.      <u>There are Common Questions of Law or Fact Common to the</u>
9                  <u>Class</u>
10         Plaintiff has sufficiently alleged common questions of law or fact, questions
11 that affect the rights of all class members with respect to each and every cause of
12 action.  Complaint, ¶ 12a.-12j.  Fed. R. Civ. Proc. 23(a)(2); <u>see</u>, <u>e.g.</u>, <u>Armstrong v.</u>
13 <u>Davis</u>, 275 F.3d 849, 868 (9th Cir. 2001) ("[I]n a civil-rights suit . . . commonality is
14 satisfied where the lawsuit challenges a system-wide practice or policy that affects
15 all of the putative class members.").
16         4.      <u>Plaintiff's Claims are Typical of the Claims of the Class</u>
17         Plaintiff sufficiently alleges that her claims are typical of the claims of the
18 class.  Plaintiff was a non-exempt employee, as are the members of the proposed
19 class.  Complaint 9, 13-15.  As stated in more detail above, Plaintiff's claims are
20 typical of the claims of the class, because the laws that were violated with respect to
21 Plaintiff apply to all non-exempt employees, and Plaintiff sufficiently alleges that
22 Defendant's violative policies and practices were committed against the class.
23 Complaint, ¶¶ 24-79.  Well-pleaded allegations concerning typicality are all that is
24 required.  <u>See</u> <u>Rodriguez v. California Highway Patrol</u>, 89 F. Supp. 2d 1131, 1143
25 (N.D. Cal. 2000) ("To the extent that [proposed representatives] raise different
26 issues than those raised by the purported class, the appropriateness of any or all of
27 them serving as a class representative will be tested in the context of a motion for
28 certification of the class.  Accordingly, the Court declines to strike the class

1 | allegations at this stage of the proceedings.").

2 |      Defendant's contentions that Plaintiff's claims are not typical of the claims of
3 | the class are, at this juncture, sheer speculation.  The cases cited by Defendant (see
4 | Defendant's Memorandum of Points and Authorities in Support of Motion to
5 | Dismiss ("Def.'s Brief") at 12:1-14) deserve short shrift.  Krzesniak v. Cendant
6 | Corp., No. C 05-05156 MEJ (N.D. Cal. June 20, 2007) did not involve a motion to
7 | dismiss.  Rather, the court granted Plaintiff's motion for certification on a
8 | misclassification case approximately 17 months after the case had been filed and
9 | discovery had been conducted.  Perry v. US Bank, No. C-00-1799-PJH (N.D. Cal.
10 | October 17, 2001) was a denial of Plaintiff's motion for certification after discovery
11 | was conducted.  Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988) involved a
12 | decertification order after discovery had been conducted.  Finally, in Johnson v.
13 | GMRI, Inc., No. CV-F-07-0283 LJO DLB, the court denied the defendant's motion
14 | to strike class allegations.  Not only do these cases not constitute "authority" (contra
15 | Def.'s Brief at 12:15), they do even support Defendant's arguments that this Court
16 | should strike the class allegations prior to conducting discovery.  Rather, these
17 | cases, as this Court's decision in Brown v. Federal Express Corp., Case No. CV 07-
18 | 5011 DSF (PJWx) (C.D. Cal. February 26, 2008), serve as vivid examples of district
19 | courts properly determining class certification after an opportunity for discovery and
20 | a motion for certification (or decertification).

21 |      In Kamm, supra, the Ninth Circuit stated the rule as follows:

> In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. The propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. [Fn. 11.] To deny discovery in a case of that nature would be an abuse of discretion.  Where the necessary factual issues may be resolved without discovery, it is not required.

> [Fn. 11]:  As stated by the First Circuit in <u>Yaffe v. Powers</u>, 454 F.2d 1362, 1666 (1972):  "To pronounce finally, prior to allowing any discovery, the nonexistence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23.  Evidence which might be forthcoming might well shed light on a final decision on this issue.

<u>Kamm</u>, 509 F.2d at 210.  Dismissal is appropriate in cases such as <u>Kamm</u>, where there was ample public record, a 26-page declaration and 100 pages of exhibits, all of which adequately demonstrate the existence of a previously-litigated, and settled, class action.  In this case, where there is no public record and no extrinsic evidence, it would be an abuse of discretion to dismiss Plaintiff's class allegations and deny Plaintiff an opportunity to conduct classwide discovery.  <u>Id.</u>  Rank speculation by an employer against whom an action has been brought about the viability of a plaintiff's intended motion for certification has never satisfied the standards for determining whether to dismiss or strike class allegations.[4]  Because the typicality requirements of Rule 23(a)(3) are properly pleaded, this Court may not dismiss Plaintiff's class allegations.

     5.    <u>Plaintiff will Fairly and Adequately Represent the Class</u>

The complaint sufficiently alleges that Plaintiff will adequately represent the interests of the class and her counsel has sufficient experience to handle this action. [Complaint, ¶ 11c.]  <u>Fed. R. Civ. Proc.</u> 23(a)(4).

---

[4]    Defendant's citation to Tenth Circuit's decision in <u>Baum v. Great Western Cities, Inc.</u>, does nothing to illuminate the issue. It appears that the district court granted the defendants' motion to dismiss the class allegations in that case because the elements of common law fraud include reliance by the injured party, which makes certification highly improbable in any event. <u>Baum v. Great Western Cities, Inc., of New Mexico</u>, 703 F.2d. 1197, 1210 (10th Cir. 1987).  The case is inapposite because no cause of action in Plaintiff's case requires any element of reliance by the class members.

6. <u>Plaintiff has Adequately Alleged all Three Criteria Under Rule 23(b)</u>

Under applicable notice pleading requirements, Plaintiff's adequately avers the requirements of Federal Rule of Civil Procedure 23(b). Plaintiff has alleged that inconsistent outcomes in separate lawsuits would establish incompatible standards of conduct. Complaint, ¶ 11d. Fed. R. Civ. Proc. 23(b)(1). Plaintiff also seeks appropriate injunctive relief and corresponding declaratory relief. Complaint, ¶¶ 67 and 79; Prayer for Relief, ¶¶ 7, 12, 18, 24, 28, 29, 35, 38, 40 and 41. Fed. R. Civ. Proc. 23(b)(2). Finally, Plaintiff sufficiently alleges that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods of adjudication. Complaint, ¶¶ 11d, 12a-12j, 17 and 24-79. Fed. R. Civ. Proc. 23(b)(3).

Importantly, Rule 23(b)(3) sets out four factors that court should consider. With the exception of Rule 23(b)(3)(B) (concerning the existence of other litigation involving the same controversy), all of the factors are ones which invariably cannot be resolved based on pleadings alone. <u>See</u> Fed. R. Civ. Proc. 23(b)(3)(A), (C) and (D). For instance, the class members' interests cannot be determined until the plaintiff obtains their contact information and interviews them. Any special difficulties in managing class actions do not arise until after the parties have conducted discovery to determine, for instance, the existence or non-existence of records to determine liability and damages. Thus, while courts, when determining certification motions, are "bound to take the substantive allegations of the complaint as true," the record must have "sufficient material" to establish each of Rule 23's requirements. <u>Blackie v. Barrack</u>, 524 F.2d 891, 901 fn. 17 (9th Cir. 1975). Thus, it would premature to dismiss/strike Plaintiff's class allegations without permitting discovery, which is what necessarily follows if this Court grants Defendant's motion. Notwithstanding the irrevocable effect on the rights of unnamed class

1  members, Defendant's motion to dismiss/strike Plaintiff's class allegations must be
2  denied because the truth of the allegations must be assumed.

3  **C.      The Fifth Cause of Action Should Not be Dismissed**

4       In the Fifth Cause of Action, Plaintiff alleges that the wage statement
5  provided to Plaintiff and the class members failed to contain four out of the nine
6  enumerated pieces of information required by <u>California Labor Code</u> section 226(a).
7  Complaint, ¶ 62.  As a result of this failure, Plaintiff and the class members "have
8  suffered injury and damage to their statutorily-protected rights." Complaint, ¶ 64.
9  Thus, they are entitled to the damages or statutory penalties under <u>California Labor
10 Code</u> section 226(e).

11       Defendant moves to dismiss the Fifth Cause of Action in its entirety because
12 it claims "suffering injury" under <u>California Labor Code</u> section 226(e) means
13 "suffering damages."  <u>See</u> Def.'s Brief at 8:24.  Leaving aside the incorrectness of
14 this assumption (<u>see</u> <u>Migliori v. Boeing N. Am., Inc.</u>, 97 F. Supp. 2d 1001, 1007
15 (C.D. Cal. 2000) ("'injury suffered' does not mean 'damages suffered'"; "the injury
16 is the violation of the legally protected interest. . . and not necessarily the resulting
17 harm"), there are least two other fundamental problem with Defendant's argument.
18 First, unless there are heightened pleading requirements, which there are not, a
19 plaintiff only has to provide a short and plain statement of the claim showing
20 entitlement to relief; the pleader need not allege the amount of any pecuniary harm.
21 Second, even if <u>California Labor Code</u> section 226(e) requires a showing of
22 "damages" before statutory penalties could be awarded, the claim should not be
23 dismissed, because "[t]he amount of damages is invariably an individual question
24 and does not defeat class action treatment." <u>Blackie v. Barrack</u>, 524 F.2d 891, 905
25 (9th Cir. 1975). (<u>Contra</u> Def.'s Brief at 10:14-19.)  Defendant's motion to dismiss
26 the Fifth Cause of Action should be denied.

27
28

1.   <u>California Labor Code Section 226(e) Requires only an Infringement of the Legal Right to Receive Proper Notice Under Section 226(a)</u>

<u>California Labor Code</u> section 226(e) requires Plaintiff to establish only one thing: Defendant's infringement upon a legal right or entitlement of Plaintiff's. In other words, Defendant's failure to comply with section 226(a)'s disclosure requirements *is* the injury necessary.

Defendant's definition of injury is impossibly restrictive. Injury is not limited to "harm." Although Defendant asks this Court to engage in statutory interpretation, it has utterly and completely failed to follow the most basic rules.

First, Defendant ignores the plain language of the statute by ignoring the traditional, generally accepted, and broader definition of injury: the infringement of a legal right. Defendant also ignores the obvious purpose behind section 226(a), which requires an employer to accurately disclosure nine clearly enumerated items of information, and renders employers liable for minimum damages under section 226(e), and subject to an injunctive remedy under section 226(g) if they fail to do so. Finally, Defendant ignores the underlying, remedial purpose of the <u>Labor Code</u> as a whole, and it construes the statute against the very class of employees that the statute was intended to benefit.

Defendant's contention that Plaintiff must plead (and, presumably, prove) "damage" to satisfy section 226(e)'s injury requirement is wrong, and Defendant gets it wrong because it fails to follow the basic rules of statutory construction. Neither the California Appellate Court nor California Supreme Court have determined the definition of the words "suffering injury" within <u>California Labor Code</u> § 226(e). See <u>Dimidowich v. Bell & Howell</u>, 803 F.2d 1473, 1482 (9th Cir. 1986) ("Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it.").

1    "The fundamental purpose of statutory construction is to ascertain the intent

2  of the lawmakers so as to effectuate the purpose of the law." <u>In re Marriage of</u>

3  <u>Harris</u> (2004) 34 Cal. 4th 210, 221. "In order to determine [the intent of the

4  Legislature], we begin by examining the language of the statute." <u>Id.</u>

5    Subdivision (e) provides:

6    An employee suffering injury as a result of a knowing and intentional
     failure by an employer to comply with subdivision (a) is entitled to
7    recover the greater of all actual damages or fifty dollars ($50) for the
     initial pay period in which a violation occurs and one hundred dollars
8    ($100) per employee for each violation in a subsequent pay period, not
     exceeding an aggregate penalty of four thousand dollars ($4,000), and
9    is entitled to an award of costs and reasonable attorney's fees.

10

11  Cal. Lab. Code Section 226(e).  Defendant's definition of "injury" is at odds with

12  the historic use of the term "injury," in the <u>Labor</u> <u>Code</u> and otherwise.  The statute

13  does not state "an employee suffering *damages*" or "actual injury," and presumably,

14  if the Legislature had so intended, it would have used those words.

15    "Because the term [injury] is not defined, it can be assumed that the

16  Legislature was referring to the conventional definition of that term." <u>Connerly v.</u>

17  <u>State Personnel Bd.</u> (2006) 37 Cal. 4th 1169, 1176 (relying on <span style="font-variant:small-caps">Black's Law</span>

18  <span style="font-variant:small-caps">Dictionary</span> edition that was current at time of bill's enactment to determine

19  definition of term as understood by the Legislature).[5]

20

---

21  [5]  The initial version of § 226(e) was passed as Assembly Bill 3731 in 1976, and it was
     originally designated as subdivision (b). (Plaintiff requests Judicial Notice of this and
22  other legislative enactments and legislative history cited throughout this brief.)  The
     full text was as follows:
23
     (b) Any employer suffering injury as a result of a knowing and intentional
24  failure      by an employer to comply with subdivision (a) shall be entitled to
     recover all      actual damages or one hundred dollars ($100), whichever is
25  greater, plus costs and   reasonable attorney fees.

     With minor exceptions, the section took its near-current form in 2000 with the passage
26  of Assembly Bill 2509.  The language "all actual damages or one hundred dollars
     ($100), whichever is greater, plus costs and reasonable attorney" was replaced with:
27
     The greater of all actual damages of fifty dollars ($50) for the initial pay
28  period in   which a violation occurs and one hundred dollars ($100) per

1   Legally, "injury" has long meant the "invasion of any legally protected

2   interest of another." See RESTATEMENT (SECOND) OF TORTS, § 7 (1965).

3   Similarly, BLACK'S LAW DICTIONARY defined "injury" as "[a]ny wrong or damage

4   done to another, either in his person, rights, reputation, or property. Woodruff v.

5   Mining Co., C.C.Cal., 18 F. 781." BLACK'S LAW DICTIONARY p. 924, col. 1

6   (4TH ED.1968)."[6]  The case cited by Black's is Woodruff v. North Bloomfield

7   Gravel Mining Co., and it underscores that the legal definition of injury as an

8   infringement of a legal right has been used in California for at least 125 years. As

9   set forth below, the Woodruff case and its progeny also make clear that no physical,

10  economic or emotional harm is required to suffer an injury.

11  "Injury" and "damage" are not synonyms. "Damage" means "harm,

12  detriment or loss sustained **by reason of an injury.**" (Emphasis added.) BLACK'S

13  LAW DICTIONARY p. 466, col. 1 (4TH ED.1968). Accordingly, the "injury" comes

14  first, and the "damage" follows. Similarly, Defendant's definition focuses on a

15  *result*: "damage," or "harm." In fact, Defendant's entire argument is built upon the

16  _____

17  employees for each       violation in a subsequent pay period, not exceeding an
    aggregate penalty of four       thousand dollars ($4,000), and shall be entitled
18  to an award of costs and reasonable    attorney's".

    Of note, Assembly Bill 2509 was initially introduced on February 24, 2000. It was
19  amended by the senate on four subsequent occasions (June 26, 2000, July 6, 2000,
    August 7, 2000 and August 25, 2000) before the final language of the bill was agreed
20  upon and approved. The bill underwent four amendments in part because of a
    disagreement concerning the amount of damages to be awarded to an employee. See
21  Exhibits B-G, attached to the Request for Judicial Notice ("RJN"). As set forth in
    detail below, the Senate Analysis that accompanied each amendment provides strong
22  and clear evidence that the Legislature considered the previous Legislature's use of the
    word "injury" to mean an infringement of a legal right.

23  Governor Gray Davis signed AB 2509 on September 28, 2000. It was recorded by the
    Secretary of State on September 29, 2000 as Chapter 876 of the Statute of 2000.
24  LEGISLATIVE COUNSEL'S DIGEST, Assembly Bill 2509, CHAPTER 876. See Ex. G to
    RJN.

25  In 2002, subdivision (b) was reassigned as subdivision (e) when subdivisions (f) and
26  (g) were added.

    [6]   The pages of the 1968 edition of BLACK'S LAW DICTIONARY (4TH ED.1968) that
27  contain this definition and others referred to herein are attached to the Declaration of
    Matthew T. Theriault as Exhibit A.

28

1  faulty concept of resulting "damage" instead of the predicate "injury." <u>See</u> <u>Migliori</u>,
2  <u>supra</u> ("'injury suffered' does not mean 'damages suffered'"; "the injury is the
3  violation of the legally protected interest. . . and not necessarily the resulting
4  harm").

5       Accordingly, applying the most basic rules of statutory construction yields the
6  conclusion that injury means an invasion of any legally protected interest or right of
7  another.  The legally protected right of the Class Members was the entitlement to
8  receive accurate, itemized wage statements under section 226(a).  When Defendant
9  failed to furnish proper wage statements, it infringed upon those rights, and Class
10  Members are entitled to both statutory damages under section 226(e) and injunctive
11  relief under section 226(g).

12       Section 226(a) requires accurate disclosure of nine enumerated categories of
13  information of wage statements, and it does nothing else.  A failure to accurately
14  disclose all nine items on a wage statement constitutes a violation of § 226(a),
15  because a legally protected interest has not been fulfilled.  As such, an employee
16  who is not provided with a compliant wage statement in accordance with § 226(a) is
17  injured within the meaning of § 226(e).  In fact, a court's ability to find a violation
18  of the statute when proper disclosure is not made, irrespective of whether actual
19  damages were incurred, is wholly consistent with other legislation that focuses on
20  disclosure.[7]

21       Subdivision (a) gives California's employees a vested legal right to receive
22  complete and accurate wage statements.  However, given the nature of the
23  enumerated requirements in section 226(a), an employer's failure to comply would
24

25  [7]     <u>See</u>, <u>e.g.</u>, 15 U.S.C. §1601, et seq. (the "Federal Truth in Lending Act"), which was
26  enacted "to assure a meaningful disclosure of credit terms." 15 U.S.C. § 1601(a).  A
   failure to accurately disclose credit terms entitles the aggrieved consumer to minimum
27  damages irrespective of damages.  <u>Koons Buick Pontiac GMC, Inc. v. Nigh</u> (2004) 543
   U.S. 50, 53-54.
28

1  rarely cause actual damages to an employee.  Further, in the unusual instance in
2  which a violation of section 226(a) caused damage, it is likely too insignificant to
3  encourage the individual employee to engage in costly litigation.  Thus the
4  minimum damages provision of section 226(e) (either $50 or $100) is designed to
5  encourage employers to provide compliant wage statements whether or not an
6  employer's non-compliant wage statements caused an employee actual economic
7  damages.  Further, section 226(e) has costs and attorney fee provisions, which also
8  indicate the Legislature's intent to encourage private attorneys to take such cases,
9  even though maximum relief of $4,000 is relatively low.  In short, to require
10 Plaintiff to prove (or allege) "damage" and not "injury" would substantially
11 eviscerate the underlying disclosure purpose of the statute and would fail to
12 encourage employers to comply with its requirements, which are in no way difficult
13 to follow.

14        The legislative history verifies what the language and structure of the statute
15 make obvious.  Employers in California were failing to disclose the most basic of
16 information set forth in section 226(a).  To get employers to comply with section
17 226(a), section 226(e) was enacted to provide for minimum damages irrespective of
18 the employee's actual damages.  See Nat'l Steel & Shipbuilding Co. v. Superior
19 Court (2006) 135 Cal. App. 4th 1072, 1078 (courts "are guided by the fundamental
20 rule that the objective sought to be achieved by a statute as well as the evil to be
21 prevented is of prime consideration in its interpretation") (internal quotations and
22 citations omitted).  Subdivision (a) was amended in 1976 to add, *inter alia*, "gross
23 wages earned" and "net wages earned."[8]  Prior to the bill's passage, its author, Bill
24 Lockyer clarified that adequate disclosure of information important to employees
25 was the underlying purpose by stating:

26
27
   _____
   [8]     This amendment was a part of Assembly Bill 3731.
28

-15-

1
2
3
4

> The purpose of requiring greater wage stub information is to insure that employees are adequately informed of compensation received and are not shortchanged by their employers.  Lack of wage information or improper information can also make it difficult to establish eligibility for unemployment insurance.

5   See Ex. I to RJN.[9]  In a subsequent letter to Governor Jerry Brown, Mr. Lockyer
6   reaffirmed that the bill provided for minimum damages:

7
8
9
10
11

> The measure provides a civil remedy of minimum damages for employees against employers who knowingly and intentionally fail to provide wage stub information showing earnings and deductions.  Though current Labor Code Section 226 requires employers to furnish such information, there is no penalty, civil or criminal, for failure to do so.  Assembly bill 3731 would rectify this.

12   See Ex. J to RJN.

13   Subsequent legislative history also establishes that the Legislature believed
14   "injury" meant an infringement of a legal right.  In 2000, the damages provision of §
15   226(e) was amended.  After four different amendments before final passage, the
16   Senate stated:

17
18
19

> The bill would revise the liability of employers for knowing or intentional noncompliance with this disclosure requirement to entitle an **aggrieved** employee to recover the greater of actual damages or penal damages.

20   See Exs. B-G to RJN.  Why would the Legislature refer to the "aggrieved"
21   employee again and again when the language of statute actually states "employee
22   suffering injury"?  The answer is simple: "Aggrieved" means "[h]aving suffered
23   loss or injury; damnified; injured."  BLACK'S LAW DICTIONARY p. 87, col. 2 (4TH
24   ED.1968).  Likewise, "aggrieved party" means "**[o]ne whose legal right is invaded**
25   **by an act complained of**, or whose pecuniary interest is directly affected by a

26
27
28

---

[9]    Of course, it would be illogical to equate "injury" with a failure to obtain unemployment benefits;  the entire preceding sentence and the words "can also" in the second sentence would have to be ignored.

decree or judgment." (Emphasis supplied.)  Id.  So, in fact, the 2000 Legislature *was* referring to "injury" when it used the term "aggrieved."  The definitions are synonymous.  The 2000 Legislature knew *exactly* what injury meant.  This is hardly surprising, because it is same definition of injury which has been used in California for over 125 years.

Although Defendant did not attempt to make the argument that the meaning of "injury" can be divined by comparison to section 226(f),[10] which lacks the same prefatory language ("employee suffering injury").  It would specious to conclude that the Legislature must have therefore intended evidence of pecuniary harm in order to succeed under § 226(e), because it could have omitted the phrase "an employee suffering injury" as it had done in § 226(f).

For this to be true, § 226(e) and § 226(f) would have had to have been drafted together.  They were not.  Not even close.  Subdivision (f) appeared 26 years after the enactment of subdivision (e) and its prefatory language.  Accordingly, it is untenable to conclude that the 1976 Legislature provided a specific meaning to a term based upon the 2002 Legislature's failure use the same language, especially where, as here, it did not use any prefatory language at all.  At best, Defendant could argue (but did not) that the meaning of the prefatory language could be gleaned by virtue of the 2002 Legislature's failure to amend § 226(e) to make it parallel with § 226(f), which is, again at best, mere speculation.[11]  More importantly, no rule of

---

[10]   "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollar ($750) penalty from the employer." Labor Code § 226(f).

[11]   By way of illustration, had the 2002 Legislature enacted prefatory language in subsection (f) that stated "employee suffering damage," it could be presumed that the legislature, having the benefit the prefatory language of "employee suffering injury" in subdivision (e) had intended different meanings.  However, it cannot be assumed that the meaning of the prefatory language in subsection (e) enacted by the 1976 Legislature can be gleaned by virtue of 2002 Legislature's failure to use any prefatory language at all, because it is equally plausible that the 2002 Legislature simply wished to enact subdivisions (f) and (g) without amending the entire statute.

1  statutory construction holds that the failure to completely overhaul a statute serves
2  as a basis to imply what the original Legislature intended by a particular word.
3  Grupe Development Co. v. Superior Court (1993) 4 Cal. 4th 911, 932 ("[u]npassed
4  bills, as evidences of legislative intent, have little value").

5        Moreover, there was no need to amend the statute to eliminate the prefatory
6  language in section 226(e), because, as the 2000 Senate analysis makes clear, the
7  Legislature already (and rightly so) equated "suffering injury" with an infringement
8  upon a legal right or entitlement by using the synonymous term "aggrieved
9  employee." This is precisely why the words "suffering injury" are not mere
10 surplusage. "Express statutory language defining the scope of employer liability is
11 not surplusage." Reno v. Baird (1998) 18 Cal. 4th 640, 658. "Legislatures are free
12 to state legal principles in statutes, even if they repeat preexisting law." Id.

13       In this case, the 1976 Legislature chose words that repeated the law that had
14 existed for nearly 100 years in California. Accordingly, there was no reason for the
15 2002 Legislature to amend the statute to eliminate those words. Furthermore, the
16 legislative history supports both the disclosure purpose behind section 226(a), and
17 that relief can be obtained under section 226(e) by showing an infringement of the
18 legal right or entitlement to receive accurate wage statements under section 226(a).

19       The Division of Labor Standards, through its opinion letters, only affirms
20 what the structure of the statute, the legislative history, and the statutory purpose of
21 section 226 already make clear:

22       If it is left to the employee to add up the daily hours shown
23       on the time cards or other records so that the employee must
         perform arithmetic computations to determine the *total hours*
24       *worked* during the pay period, the requirements of section
25       226 would not be met.

26 Dept. of Industrial Relations, DLSE, Opinion Letter No. 2002.05.17 (May 17, 2002)
27 at 13 (emphasis in original). Accord, Cicairos v. Summit Logistics (2005) 133 Cal.
28 App. 4th 949, 955 (citing DLSE opinion letter, employer's motion for summary

1  judgment based on section 226(a) denied because wage statements were
2  noncompliant).

3       The summary judgment motion in <u>Cicairos</u>, <u>supra</u>, concerned, among other
4  things, whether the wage statements complied with section 226(a).  The case cited
5  <u>Opinion Letter No. 2002.05.17</u>, <u>supra</u>, from which it can be inferred that injury
6  results when "the employee must perform arithmetic computations."  Further, "[t]he
7  failure to list the precise number of hours worked during the pay period conflicts
8  with the express language of the statute and stands in the way of the statutory
9  purpose."  <u>Opinion Letter No. 2002.05.17</u>, <u>supra</u>, at 3.[12]

10      In response to the question whether the "aggregate penalty" applied per
11  employer irrespective of the number of injured employees, the DLSE has stated:

12          The maximum "aggregate penalty" . . . is not a maximum for all of the
13          employer's employees.  Indeed, the latter interpretation flies in the face
            of AB 2509's legislative history, and in particular, the final Senate bill
14          analysis which explains that the bill "entitles" an aggrieved employee .
15          . . to the greater of actual damages or penal damages . . . up to $
            4,000."  To interpret this statute as establishing a $ 4,000 maximum
16          penalty for an employer, rather than a $ 4,000 maximum penalty per
17          aggrieved employee, would fail to provide any sort of meaningful
            compensation to the employees of a large employer. Such an
18          interpretation would fail to effectuate the purpose of this law.

19  <u>Opinion Letter No. 2002.05.17</u>, <u>supra</u>, at 15-16.  Likewise, here, to require an
20  employee to prove he or she suffered "damages" instead of "injury" would fail to
21  effectuate the remedial purpose of section 226.

22

23

---

24  [12]     Similarly, DLSE, <u>Opinion Letter No. 2006.07.06</u> reaffirms this purpose:
25          The purpose of the wage statement requirement is to provide
            transparency as to the calculation of wages. A complying wage
26          statement accurately reports most of the information necessary for an
            employee to verify if he or she is being properly paid in accordance with
27          the law and that deductions from wages are proper.
28  Dept. of Industrial Relations, DLSE, <u>Opinion Letter No. 2006.07.06</u> (July 6, 2006) at 3.

1    State and federal case law has uniformly held that injury and damages mean
2  something different.  An expansive definition of injury has been articulated in
3  California as far back as 1884, in the <u>Woodruff</u> case that was cited by <u>BLACK'S LAW</u>
4  <u>DICTIONARY</u> in its definition of "injury."  <u>Woodruff</u>, <u>supra</u> at 781 ("[i]t recognizes
5  the results of the action of defendants, and others engaged in the same business, as
6  constituting injuries").  Over the next 100 years, the language has been refined, but
7  the concept has remained the same.  <u>See</u>, <u>e.g.</u>, <u>Roth v. Cottrel</u> (1952) 112 Cal. App.
8  2d 621, 624, and cases cited therein ("injury" generally means in law invasion or
9  violation of a legally protected interest or property right of another").  In <u>State</u>
10  <u>Water Resources Control Board Cases</u>, 136 Cal. App. 4th 674 (2006), the
11  defendants argued that "[t]he concept of "injury" has nothing to do with the legal
12  right…." and that the regulation requires the Water Board to look into whether
13  actual injury occurred, an argument that was soundly rejected.  <u>State Water</u>
14  <u>Resources Control Board Cases</u>, 136 Cal. App. 4th 674, 738 (2006).  Instead, the
15  court reaffirmed what has always been the case - - injury means "the invasion of a
16  legally protected interest" - -  and found that the Water Board was required to
17  determine whether any legally protected interest would be invaded by their action,
18  whether actual damages were present or not.  <u>State Water Control</u>, <u>supra</u>, at 738-
19  740.

20    Accordingly, Plaintiff and the class members suffered "injury" when
21  Defendant failed to provide wage statements that comply with <u>California Labor</u>
22  <u>Code</u> section 226(a).  Thus, Defendant's motion to dismiss should be denied.

23         2.    <u>Irrespective of the Definition of Injury, Plaintiff Has Stated a</u>
24              <u>Proper Claim for Relief</u>

25    There are no heightened pleading requirements in this case.  Thus, Plaintiff
26  only has to provide a short and plain statement of the claim showing entitlement to
27  relief; the pleader need not allege the amount of any pecuniary harm.  Plaintiff has
28  alleged that she and the class members "have suffered injury and damage to their

1  statutorily-protected rights," which, under any definition of "injury," is sufficient to

2  withstand a motion to dismiss.  Complaint, ¶ 64.

3             3.   <u>Individualized Damages Do Not Bar Certification</u>

4       Even if <u>California Labor Code</u> section 226(e) requires a showing of

5  "damages" before statutory penalties could be awarded, the claim should not be

6  dismissed, because "[t]he amount of damages is invariably an individual question

7  and does not defeat class action treatment." <u>Blackie,</u> <u>supra</u> at 905.

8      **D.**    **The Sixth Cause of Action Should Not be Dismissed**

9       The Sixth Cause of Action seeks indemnification for necessary business

10 expenditures.  Complaint, ¶¶ 68-73.  Defendant relies on a DLSE opinion letter in

11 support of its argument that the claim should be dismissed because it was California

12 State, and not Defendant, that requires the licensing of handguns.  However, DLSE

13 opinions are not law.  <u>Marine W. v. Bradshaw,</u> 14 Cal. 4th 557, 576 (1996) ("We

14 conclude we can give no weight to the DLSE's interpretation of the wage orders.");

15 <u>Murphy v. Kenneth Cole Prods.,</u> 40 Cal. 4th 1094, 1106, fn. 7 (2007).  This is

16 especially the case where the DLSE opinion conflicts with the clear and

17 unambiguous language of the statute.

18      Specifically, <u>California Labor Code</u> section 2802 provides, in no uncertain

19 terms, "[a]n employer shall indemnify his or her employee for all necessary

20 expenditures in direct consequence of the discharge of his or her duties, or of his or

21 her obedience to the directions of the employer."  Nowhere does the statute provide

22 an exception to this rule, and it would be improper under the basic rules of statutory

23 construction to read an exception into it.

24      Moreover, Plaintiff alleges that Defendant failed to reimburse for items other

25 than simple licensure costs.  Plaintiff alleges that Defendant failed to reimburse her

26 and other class members with the costs associated with guard cards and

27 certifications relating to firearm permits.  Complaint, ¶ 70.  Most importantly, all

28 expenses, including any licensing, were incurred as a condition of employment and

1  therefore were in "direct consequence of the discharge" of duties.  <u>California Labor</u>
2  <u>Code</u> section 2802.  Accordingly, Plaintiff has properly pleaded a claim for the
3  reimbursement of business expenses, and Defendant's motion to dismiss must be
4  denied.

5  **IV.   CONCLUSION**

6        For all the foregoing reasons, Defendant's motion to dismiss/strike Plaintiff's
7  class allegations should be denied.  Additionally, Plaintiff has properly pleaded
8  claims under <u>California Labor Code</u> sections 226(e) and 2802; thus, Defendant's
9  motion to dismiss the Fifth and Sixth Causes of Action should be denied.

10

11  Dated:  June 23, 2008                          Respectfully submitted,
12                                                  Initiative Legal Group LLP

13

14                                                  By:<u>/s/ Matthew T. Theriault          </u>.
                                                     Matthew T. Theriault
15                                                  Attorneys for Plaintiff and for Class Members

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS

1

## PROOF OF SERVICE

2 | UNITED STATES DISTRICT COURT )
CENTRAL DISTRICT OFCALIFORNIA )   ss

3

4    I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

5

6    On June 23, 2008, I served the within document(s) described below as:

7    **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE CLASS ALLEGATIONS AND TO DISMISS PLAINTIFF'S FIFTH AND SIXTH CLAIMS FOR RELIEF**

8

9

10   on the interested parties in this action by placing true copies thereon enclosed in a sealed envelope addressed as follows:

11 | Margaret H. Gillespie
Jeanette Meejean Kang
12 | Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
13 | 633 West 5th Street, 53rd Floor
Los Angeles, CA 900712
14 | Facsimile: 213-239-9045
margaret.gillespie@ogletreedeakins.com
15 | jeanette.kang@ogletreedeakins.com

16 | **(X)**    **CM/ECF SYSTEM:** I caused the above-referenced documents(s) to be sent
17 |    by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF
18 |    registrants in the case.

19 | ( )    **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

20

21 | **(X)**    **PERSONAL:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

22 | ( )    **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

23

24 | ( )    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25 | **(X)**    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27    **EXECUTED** this document on June 23, 2008, at Los Angeles, California.

28

Matthew Krout