1  MARGARET H. GILLESPIE, State Bar No. 150072
   margaret.gillespie@ogletreedeakins.com
2  S. ADAM SPIEWAK, State Bar No. 230872
   adam.spiewak@ogletreedeakins.com
3  JEANETTE MEEJEAN KANG, State Bar No. 243237
   jeanette.kang@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
6  Telephone:   (213) 239-9800
   Facsimile:   (213) 239-9045
7
   Attorneys for Defendant
8  ADT SECURITY SERVICES, INC.

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LILIYA KISLIUK, individually, and on          Case No. CV08-03241 DSF (RZx)
    behalf of other members of the general
13  public similarly situated,                    **DEFENDANT'S OPPOSITION TO
                                                  PLAINTIFF'S MOTION FOR
14                     Plaintiff,                 CLASS CERTIFICATION**

15        v.                                      DATE:   August 24, 2009
                                                  TIME:   1:30 p.m.
16  ADT SECURITY SERVICES, INC., a                PLACE:  Roybal, Courtroom 840
    Delaware Corporation,
17
                       Defendant.
18

19

20

21

22

23

24

25

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      PRELIMINARY STATEMENT**

Plaintiff Liliya Kisliuk ("plaintiff") is a former armed patrol officer for defendant ADT Security Services, Inc. ("ADT").  On May 15, 2008, plaintiff filed the complaint in this action.  The gravamen of plaintiff's Complaint is that she supposedly did not receive meal and rest periods (as asserted in plaintiff's Third and Fourth Claims for Relief); and, that she was not reimbursed for the business-related expenses of the costs for "guard cards, firearm permits and firearm certification" (as asserted in her Sixth Claim for Relief).  In "piggy-back" claims, plaintiff also asserts that, because she purportedly did not receive meal and rest periods or expense reimbursements, she was not paid "timely" under Labor Code section 204, nor all wages due at the time of termination (as asserted in plaintiff's First and Second Claims for Relief).  Lastly, plaintiff asserts that she was "injured" by being denied her right to receive paystubs in accordance with her interpretation of Labor Code section 226 (as asserted in plaintiff's Fifth Claim for Relief).  Plaintiff's complaint as filed sought to assert each of these claims on behalf of herself and every non-exempt and hourly employee who has worked for ADT in California over the last four years.

More than a year after she first filed the complaint, plaintiff now has moved for class certification on only two claims – one of which never was even asserted in her original complaint, in her deposition testimony, or in her written discovery responses (i.e., the claim for failure to reimburse guns and ammunition).  Moreover, despite being given over a year to develop evidence in support of class certification, plaintiff has failed to submit ***even one declaration*** from any putative class member other than herself to support the existence of any class-wide claim.  To the contrary, the declarations submitted by defendant establish that there is no class-wide claim here, for either the alleged paystub defects or the alleged failure to reimburse for necessary business expenses.

///

1   Lastly, the evidence also establishes that plaintiff is an inadequate class

2   representative.  At her deposition, she could not answer even the most basic

3   questions about the claims asserted in the case, and repeatedly testified that she knew

4   absolutely nothing about the experiences of any other putative class member.  From

5   the evidence submitted in support of plaintiff's motion for class certification, she still

6   does not.

7   In short, as set forth in detail below, plaintiff's motion for class certification

8   must be denied on both procedural and substantive grounds.  Plaintiff has not

9   presented any competent evidence that any class-wide claim exists, either as

10  originally pled or as she now attempts to certify over a year later.

11  **II.   STATEMENT OF FACTS PERTINENT TO THIS MOTION**

12         **A.   Background of the Action**

13  ADT provides security systems, monitoring, and emergency response and

14  assistance for residential and commercial clients.  To service these clients, ADT

15  employs people in various non-exempt positions, including Patrol Officer, Sentry,

16  Installer, Administrators, and Service Technicians.  [Perkinson Dep. Tr. at 70:14-21;

17  103:23-104:3.]

18  Plaintiff Liliya Kisliuk worked for ADT as an armed Security Patrol Officer

19  for ADT from April 25, 2005 until May 25, 2007, when she was terminated for

20  inadequate performance.  [Complaint, ¶ 14.]  She admits that she held no other

21  position at ADT, and only worked at the Van Nuys/Chatsworth location.  [Plaintiff's

22  Dep. Tr. at 171:17-172:20.]

23         **B.   Procedural History**

24  At the Case Management Conference on September 29, 2008 – approximately

25  ten (10) months ago – the Court expressed concern about the viability of plaintiff's

26  claims on behalf of the class, and whether she even had any basis for bringing the

27  claims as a putative class action.  [Transcript of proceedings on September 29, 2008,

28  attached as Exhibit "G" to Spiewak declaration, at 5:14-16; 7:23-8:11.]

1   The Court reluctantly permitted plaintiff the chance to conduct some discovery

2   and fact investigation, while expressly noting that plaintiff's request was inconsistent

3   with the Local Rule for the Central District provide that motions for class

4   certification must be brought within 90 days of the filing of the Complaint.  [*Id.* at

5   7:25-8:3.]

6   Now that ten (10) months have elapsed since those proceedings, plaintiff has

7   filed a motion for class certification that still provides no evidence that a class-wide

8   claim even exists in this case.  She took only one deposition during those ten months,

9   and apparently did not interview any putative class members (or, if she did, could not

10  find anyone to support her contentions as evidenced by defendant's declarations).

11  Thus, it is not at all clear why plaintiff needed more than a year from the filing of the

12  Complaint in order to file the present the motion.

13  **III.    THE CLASSES PLAINTIFF PROPOSES CANNOT BE CERTIFIED.**

14  Plaintiff's Amended Memorandum of Points and Authorities in Support of

15  Plaintiff's Motion for Class Certification ("Motion") presents two new classes that

16  plaintiff now seeks to certify, both different from the original putative class

17  identified in the complaint.  Specifically, plaintiff describes a "Wage Statement

18  Class," made up of all individuals "employed by ADT within California in non-

19  exempt or hourly positions from May 15, 2007 to the date of certification;" and a

20  "Business Expense Reimbursement Class," made up of all individuals "employed by

21  ADT within California as patrol officers or in jobs entailing substantially the same

22  duties from May 15, 2004 to the date of certification."

23  **A.    Plaintiff's Motion Is Procedurally Defective.**

24  **1.    Plaintiff's New Proposed Class Definitions Are Different
         From The Class Allegations In The Complaint.**

25  Procedurally, plaintiff's motion for class certification should be denied solely

26  because plaintiff does not attempt to certify the class alleged in the Complaint. *See*

27  *Berlowitz v. Nob Hill Masonic Management, Inc.,* No. C-96-01241 MHP, 1996 WL

28

724776, at *2 (N.D. Cal. Dec.6, 1996) (rejecting plaintiff's attempt to seek certification of a class different from that alleged in the complaint); s*ee also EEOC v. Cal. Public Utilities Comm'n*, 1995 U.S. Dist. LEXIS 8318, *2 (N.D. Cal. 1995) ("Where a motion for class certification is made and advances a different definition of the class than the definition advanced in the complaint, the complaint is controlling."); *Retired Chicago Police Assoc. v. Chicago*, 141 F.R.D. 477, 484 (N.D. Ill. 1992) ("RCPA's apparent attempt to amend the pleadings *de facto* through its motion for class certification is inappropriate.")

### 2. Plaintiff's Proposed "Business Expense Remibursement" Class Is Not Ascertainable.

Moreover, plaintiff's motion for class certification of the "Business Expense Reimbursement" group cannot succeed because the class definition plaintiff proposes is not readily ascertainable. To maintain a class action under Rule 23, plaintiff must first define "an ascertainable and identifiable class." *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*, 209 F.R.D. 159, 163 (C.D. Cal. 2002). An adequate class definition specifies "a distinct group of plaintiffs whose members [can] be identified with particularity." *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

Here, plaintiff's proposed "Reimbursement" class includes not only those individuals employed by ADT as Patrol Officers, but also anyone else employed in "jobs entailing substantively the same duties." Motion at 10:8-9. Plaintiff nowhere defines who those with "jobs entailing substantively the same duties are, and therefore this proposed class definition fails to provide the Court with the requisite objective criteria to ascertain the class. *O'Connor v. Boeing N. Am., Inc.,* 197 F.R.D. 404, 416 (C.D. Cal. 2000); *Aiken v. Obledo,* 442 F. Supp. 628, 658 (E.D. Cal.1977) (a primary purpose of the class definition is to make the determination of individual class membership "administratively feasible" for the court).

**B.     Plaintiff Submits No Evidence That A Class-Wide Claim Exists.**

Unlike the analysis required for a Motion to Dismiss under Federal Rule of Federal Procedure 12(b)(6), where the allegations presented in the complaint are accepted on their face, on a motion for class certification "it may be necessary to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 160 (1982); *O'Connor v. Boeing North American, Inc.*, 197 F.R.D. 404, 410-11 (C.D. Cal. 2000).  Plaintiff is obligated to demonstrate that there is a "viable claim for a class to assert." *Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008).  Where no viable claim exists, class certification is properly denied. *Mauro v. Federal Exp. Corp.*, 2009 WL 1905036 (C.D.Cal.) (collateral estoppel found to bar class certification); *In re Graphics Processing Units Antitrust Litigation*, 253 F.R.D. 478, 483 (N.D. Cal. 2008) ("Although a district judge may not investigate the likelihood of prevailing on the merits, he or she is at liberty to consider evidence relating to the merits if such evidence also goes to the requirements of Rule 23 . . . .  In Dukes v. Wal-Mart, 509 F.3d 1168 (9th Cir.2007), the Ninth Circuit . . . stated, however, that 'courts are not only 'at liberty to' but must consider evidence which goes to the requirements of Rule 23 at the class certification stage even if the evidence may also relate to the underlying merits of the case.'")

Here the evidence shows that not even plaintiff – much less, the putative class as a whole – has any claim to assert.  As such, plaintiff's motion must be denied. *In Re Graphics, supra,* at 1127 ("[a]t least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class*")*  Here, Kisliuk is the only named plaintiff, and she cannot establish injury under either theory she seeks to have certified for class treatment.

///

///

///

7528982_7

### 1. Plaintiff Cannot Show That She Has Been Injured Under Labor Code Section 2802.

First, plaintiff cannot show that she was deprived of indemnification owed to her by ADT under Labor Code § 2802, which merely requires the employer:

> to *indemnify* the employee for all that the *employee necessarily expends* in direct consequence of the discharge of the employee's duties. The focus of the actual words of the statute is on the *employee's* expenditure. If *that* expenditure is necessarily in direct consequence of the discharge of the employee's duties, then the employer must "indemnify" (i.e., reimburse) the employee.

*Grissom v. Vons Companies, Inc.*, 1 Cal. App. 4th 52, 57-58 (1991). There is no evidence that plaintiff, or any other putative class member, was denied indemnification for any expenditure made necessarily, in consequence of the discharge of his or her duties.

Here, plaintiff's attempt to certify the "Business Expense Reimbursement Class" based on "fees and associated with obtaining and maintaining three separate permits or the guns and ammunition" is refuted by her own deposition testimony. Plaintiff acknowledged that the costs associated with obtaining her guard card, permits training, range shooting test, ammunition, and pepper spray were all incurred **prior** to her employment with ADT in order to be qualified to work as an armed guard. [Plaintiff's Dep. Tr. at 97:18-101:3.] *See also* Cal. Bus. & Prof. Code §7583, *et seq.* As such, they were not incurred in the discharge of her duties for ADT.

Moreover, plaintiff specifically testified that she is <u>not</u> seeking reimbursement for the cost of obtaining her firearm permit, her firearm (bought in 2003), her training in 2003, or any other gear she purchased in 2003, prior to being employed at ADT. [Plaintiff's Dep. Tr. at 107:9-108:25.]

Plaintiff also admits that she could use the guard card and firearm permit to work as an armed security guard for another employer. [Plaintiff's Dep. Tr. at 126:6-11.] Plaintiff further agrees that in order to work as an armed security guard, an individual needs to get a gun for herself, and the employer does not need to pay

1   for it.  [Plaintiff's Dep. Tr. at 107:21-25.]  Similarly, plaintiff concedes that

2   licensing, permit, and equipment costs she incurred were not specific to ADT, but

3   were general requirements imposed by the State for being qualified to work for any

4   company as an armed guard.  [Plaintiff's Dep. Tr. at 111:4-113:1.]  *See* Cal. Bus. &

5   Prof. Code § 7583, *et seq.*

6       Indeed, even the recertification costs that plaintiff initially contended related to

7   ADT specifically, she later acknowledged were necessary in order to work as an

8   <u>armed</u> guard anywhere.  [Plaintiff's Dep. Tr. at 113:10-114:13.]  *See also* Cal. Bus.

9   & Prof. Code § 7583, *et seq.*  Plaintiff further admitted that she elected to work as an

10  armed guard because she earned more money in that position as opposed to being

11  just a security guard.  [Plaintiff's Dep. Tr. at 114:14-115:2; 161:11-15.]

12      In short, the out-of-pocket costs paid by plaintiff were not specific to ADT,

13  and are portable to any other armed guard position in California; and plaintiff needed

14  to absorb such expenses in order to pursue her chosen profession as an armed guard.

15  As a result, plaintiff has no viable claim for these expenses.  *See* California Labor

16  Code § 2802; DLSE Opinion Letter 1994.11.17 (costs of licensing to be born by

17  employee); *see also Heder v. City of Two Rivers, Wisconsin,* 295 F.3d 777 (7th Cir.

18  2002) (employer may require employee to pay for costs of training to obtain portable

19  credential; DLSE Opinion Letter 2008.11.25 (government required security

20  enrollment is *not* an employer-imposed activity but a government mandated

21  procedure requiring compliance with established enrollment procedures).

22      Similarly, in her verified discovery response, plaintiff indicates that the only

23  fact supporting her contention that ADT failed to indemnify and/or reimburse her for

24  necessary and required business-related expenditures is her allegation that "ADT

25  failed to reimburse Ms. Kisliuk with the expenses related to licensing and her gun

26  permit."  [*See* Ex. F to Spiewak Declaration.]  As set forth above, however, plaintiff

27  admitted in her deposition that these were portable certifications that she was

28

7528982_7

1  required to have by the State of California in order to engage in the profession of

2  armed security guard.  As such, no viable claim exists for these expenses.

3  Lastly, with regard to plaintiff's new-found claim for ammunition, plaintiff

4  cannot assert this claim on behalf of herself, let alone on behalf of the entire putative

5  class.  Plaintiff admitted that, during the time that she was employed by ADT, she

6  did not use any bullets in the course of her duties. [Plaintiff's Dep. Tr. at 156:17-20.]

7  As a result, she did not incur any expense in connection with having bullets in her

8  gun – she walked away with any bullet she may have purchased.[1]  Moreover, to the

9  extent that plaintiff needed to use bullets on the range, she admitted that this was to

10  keep her qualification for being an armed guard, not for the benefit of ADT.

11  [Plaintiff's Dep. Tr. at 156:21-24.]

12  Similarly, with regard to plaintiff's attempt to assert this claim on behalf of the

13  putative class, the evidence once again establishes that no class-wide claim exists.

14  As shown in the declarations submitted by defendant, some class members were

15  reimbursed for their ammunition, others did not seek reimbursement because they

16  already had purchased bullets prior to working for ADT, and no one's request for

17  reimbursement was denied.  *See, e.g.,* Declaration of Uriel Efrain Rodriguez at ¶¶ 9-

18  12 (has not bought anything out of pocket while working for ADT); Declaration of

19  Eric Miller at ¶¶ 13-14 (same); Declaration of John Hamaker at ¶¶ 5-6 (same);

20  Declaration of Victor Salmeron at ¶¶ 15-19.[2]

21  In short, plaintiff is unable to rely on any common ADT policy to show an

22  across-the-board violation of Labor Code section 2802, and her attempt to certify the

23  "Business Expense Reimbursement Class" must be denied.

24  ///

25

26  [1] Her experience is consistent with ADT's overall business operations, proving no class-
wide claim exists for reimbursement for bullets used.  Declaration of Mike Ball, ¶ 5;

27  Declaration of Steven Cushner, ¶ 6.
[2] *See also* Declarations of David Outland at ¶¶ 10-11; Richard Miles at ¶¶ 6-7; Arthur

28  Brison at ¶¶ 12-13; Roger Stallworth at ¶¶ 13-14; Robert William Perez at ¶¶ 15-19;
Freeman Maxwell at ¶¶ 9-10; Gerardo Alvarado at ¶¶ 12-13 (no owed reimbursements).

### 2. Plaintiff Has No Claim For Violation Of Labor Code Section 226.

Plaintiff's second proposed class fares no better.  Again, plaintiff has not established that she herself has a viable claim under the statute, let alone that a viable claim exists on a class-wide basis.

First, despite her claims that the paystubs are inadequate, plaintiff has failed to demonstrate how ADT's statements differ from the example wage statement provided by the DLSE on its website.[3]  As such, she has not presented a viable claim to be certified.

Second, plaintiff cannot show that she has suffered any *actual* injury as a result of the purported Labor Code §226 violation.  *See* Labor Code section 226(e) ("an employee ***suffering injury*** as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover . . . ***all actual damages***").

Although the Court addressed this issue in the context of defendant's motion to dismiss, in the context of class certification the averments in the Complaint are no longer taken at face value (as noted above).  Moreover, additional cases have come down since the Court's original order where courts have held that a plaintiff must establish an actual injury beyond simply the receipt of an allegedly improper paystub in order to assert a claim.  *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008) ("the Legislature drafted the provision with the qualification that 'an employee suffering injury' may recover for violations"); *Kimoto v. McDonald's Corp.*, No CV 06-3032 PSG (FMOx), 2008 WL 4069611 *6 (C.D. Cal. Aug. 28, 2008) (no §226 claim where plaintiff admitted that she suffered no injury from incorrect employer name appearing on her wage statement).[4]

---

[3] *See* Spiewak Decl., Ex. B, exemplar pay stub for an employee paid an hourly wage.
[4] California authority also holds that where statutory penalties are available but there is no proof that Plaintiff has suffered an injury that the statute was designed to remedy, the claim fails as a matter of law.  *See, e.g., Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1449 (2008) (refusing to impose statutory penalty automatically, when no actual harm caused).

7528982_7

1    Meanwhile, at her deposition, plaintiff testified that her only issue with the

2    paystub was that it took her a while to calculate whether the tax withholdings were

3    correct (which is not at issue here), and had no trouble verifying her gross earnings.

4    [Plaintiff's Dep. Tr. at 80:6-18.]  Any attempt by an employee to verify that she has

5    been paid properly for all hours worked would inherently require arithmetic

6    calculations, regardless of the information explicitly stated on the wage statement.

7    These calculations would include confirming that the correct hours of each type were

8    paid at the appropriate wage rates, and then summing up each of those components,

9    which are the same calculations that Kisliuk testified she performed.  Thus, plaintiff

10   has not shown how any purported technical non-compliance has caused her an actual

11   injury.

12       The other alleged violations upon which plaintiff seeks to rely involve the

13   identification of the employer's name and address, and the manner in which the

14   hours worked were presented.  As she admits, neither of these issues has led to any

15   appreciable harm to plaintiff.  [Plaintiff's Dep. Tr., 77:6-78:9.]  As such, plaintiff

16   cannot meet the standard for asserting a claim under §226.

17       Because plaintiff here lacks standing to bring a Section 2802 claim herself, she

18   cannot represent a class either.  *Lierboe*, 350 F.3d at 1022 (holding that named

19   plaintiff who did not have a viable claim against defendant could not serve as a class

20   representative and vacating class certification accordingly); *Nelsen v. King County*,

21   895 F.2d 1248, 1250 (9th Cir.1990) (where named plaintiff fails to establish

22   standing, she may not "seek relief on behalf of [her]self or any other member of the

23   class").

24       Similarly, plaintiff's attempt to assert the claim on a class-wide basis fails

25   because she has presented no evidence that each class member actually suffered an

26   injury from the allegedly deficient paystubs.  To the contrary, the evidence submitted

27   by defendants actually shows that class members in fact were not injured in any way

28   as a result of receiving their paystubs.  *See, e.g.,* Declarations of Cindy Ball at ¶ 7;

Maria Clara Sanchez at ¶ 7; Glenda Pascasico_at ¶ 6; Yaroslavna Kallas at ¶ 9; Derek Johnson at ¶ 11; Jerry Noel at ¶¶ 15-16; Randy Taylor at ¶¶ 10-11; Michael Salenger at ¶¶ 9-13; Julie Difu at ¶¶ 9-11; Rick Landeros at ¶¶ 13-15; Jeanette Felix at ¶¶ 12-15; Gerardo Alvarado at ¶ 8; Victor Salmeron at ¶ 14; Eric Miller at ¶7; and Uriel Efrain Rodriguez at ¶ 8.

### C.    Plaintiff Has Not Satisfied The Rule 23(a) Prerequisites.

If plaintiff did have standing to assert these class claims, she would need to satisfy the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ P. § 23(a).  These four requirements "are designed to limit class claims to those 'fairly encompassed' by the named plaintiffs' individual claims." *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. at 156. Furthermore, a motion for class certification can be granted only if a "rigorous analysis" establishes that the requirements of Rule 23 are met.  *Id*. at 161.  Plaintiff's Motion fails to satisfy this standard.

### 1.    Plaintiff Fails To Establish That Her Claims Are Typical.

The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985).  To prove typicality, plaintiffs must show that "the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001) (citing *Hanlon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992)).

Plaintiff does not provide any evidence to establish that she can satisfy this standard.  To the contrary, she neither substantiates her own injury nor that other putative class members have suffered similarly.  Rather, plaintiff merely states that because she was "employed by ADT as a non-exempt patrol officer from on or about April 21, 2005 to May 24, 2007 . . . she therefore falls within the definition of both

1   Classes." This showing is entirely insufficient to pass the typicality test, particularly

2   where (as discussed above) plaintiff cannot demonstrate that she herself suffered any

3   injury as a result of allegedly improper conduct by ADT.

### 2. Plaintiff Fails to Establish Commonality of Claims.

4

5   Plaintiff must next show that she (and all others similarly situated) were

6   somehow injured by improper conduct by ADT. *See Bishop v. Petro-Chemical*

7   *Transport, LLC*, 582 F. Supp. 2d 1290, 1307 (E.D. Cal. 2008) (denying class

8   certification where no evidence that there was a company wide policy to deny,

9   *improperly,* overtime to those who were entitled to overtime compensation). Where

10  a class representative does not establish that class members suffered common actual

11  injuries stemming directly from the alleged violations, but merely identifies those

12  alleged deficiencies, class certification is not appropriate. *Villacres v. ABM Indust.*

13  *Inc.*, No. CV 07-5327-VAP (AGRx), 2008 WL 2676397 at * 3 (C.D. Cal. July 1,

14  2008). Here, plaintiff has not met these burdens as to either of the classes she asks

15  this Court to certify.

### a. There is no evidence of a common injury as to the proposed "Business Expense Reimbursement" Class.

16

17

18  First, plaintiff presents absolutely *no evidence* of any company wide policy to

19  deny, *improperly*, reimbursements to those who were entitled to and sought

20  indemnification for reasonable costs incurred in the course of working for ADT.

     Instead, plaintiff argues but presents no facts to show that "ADT does not reimburse

21  for guns and ammunition." Motion at 14:24-25, citing Exhibit E to Theriault

22  Declaration, p. 15, which does not appear relevant to plaintiff's contention. Rather,

23  ADT's policy, consistent with the labor code, is to "reimburse employees for

24  reasonable expenses necessarily incurred as a consequence of their employment."

25  [Perkinson Depo. 114:13-15, attached as Exhibit D to Theriault Decl..] As discussed

26  above, the firearm and baton permits that the state requires the armed guards to have

27  are a "requirement for those employees to work in the industry, and whether they

28

work for [ADT] or another employer, those are permits that they would need." [*Id.* at 114:22-115:1.] Plaintiff cannot dispute these facts, given the admissions made at her deposition, as reflected in Section III.A.2.a, above. Thus, the ADT policy regarding reimbursement complies with the Labor Code on its face, and to the extent that there are individual potential violations, the *application* of the policy to the specific facts would be implicated, not the policy itself.

Plaintiff also fails to show any commonality regarding a Labor Code violation in the application of ADT reimbursement policy. To the extent that Patrol Officers are expected to come equipped with ammunition for their own duty weapons, the evidence indicates that ADT Patrol Managers, who often implement the reimbursements by reviewing and approving requests submitted by Patrol Officers, have provided reimbursements for ammunition purchases when such indemnification was sought, and would do so as appropriate. [*See* Cushner Decl. at ¶¶ 3-5; Ball Decl. at ¶¶ 3-4.] Without any contrary showing, there is no commonality as to the alleged issue of Labor Code Section 2802 violations.

Moreover, to the extent that plaintiff is able to put forth any evidence that she (or any other putative class member) was not properly indemnified as required by the Labor Code, each individual's employee's claims must be evaluated on a case by case basis. Numerous other Patrol Officers acknowledge that they have never been denied reimbursement.[5] Indeed, some individuals disclaim that they needed to buy anything during their employment with ADT.[6] Meanwhile, another Patrol Officer states that he was provided with ammunition.[7] The Patrol Managers who supervise

---

[5] *See* Declaration of David Outland at ¶¶ 10-11 (permits and guard card obtained prior to employment with ADT); Declaration of Richard Miles at ¶¶ 6-7 (permits and guard card obtained prior to employment with ADT); Declaration of Arthur Brison at ¶¶ 12-13 (same); Declaration of Roger Stallworth at ¶¶ 13-14 (ADT provided baton / pepper spray when he started work); Declaration of Robert William Perez at ¶¶ 15-19 (same); Declaration of Freeman Maxwell at ¶¶ 9-10; Declaration of Gerardo Alvarado at ¶¶ 12-13.

[6] *See* Declaration of Uriel Efrain Rodriguez at ¶¶ 9-12 (has not bought anything out of pocket while working for ADT); Declaration of Eric Miller at ¶¶ 13-14 (same); Declaration of John Hamaker at ¶¶ 5-6 (same).

[7] *See* Declaration of Victor Salmeron at ¶¶ 15-19.

7528982_7

the Patrol Officers and oversee their reimbursements also verify that they have not denied any reasonable expenses. [*See* Cushner Decl. at ¶¶ 3-5; Ball Decl. at ¶¶ 3-4.] Here, plaintiff does not even provide support for her position that the class as a whole has been wronged under Labor Code § 2802.  But to the extent that there is any evidence that *any* employee was not fully indemnified under the Labor Code, such an anomaly would not be appropriately resolved on a class-wide basis.  If there were any evidence refuting ADT's contentions, the competing facts would need to be examined on a case by case basis.  *See Garcia v. Sun Pacific Farming Cooperative*, No. CV F 06-0871 LJO TAG, 2008 WL 2073979, *11 (E.D. Cal. May 14, 2008) (denying class certification where anecdotal evidence as to actual practices varied, based on competing declarations).

### b.   There is no evidence of a common injury as to the proposed Wage Statement Class.

Kisliuk, the sole named plaintiff here, already has testified that she was confused and spent time thinking about the calculations, but did not suffer any actual injury from the alleged paystub violation. [Plaintiff Depo., 77:6-78:9.]  Further, plaintiff presents no evidence that any other putative class member has sustained any actual injury.  Rather, numerous ADT employees who fall within the "Wage Statement Class" sought by plaintiff have declared that they have not been confused by their wage statements, have been able to confirm that they have been paid correctly based on the information presented, and have no complaint with regard to these statements, and thus present no injury to substantiate a Labor Code § 226 class claim.[8]  Thus, plaintiff fails to show that she has satisfied the typicality and commonality requirements to support certification of this proposed class.  To the

---

[8] *See, e.g.,* Declarations of Cindy Ball at ¶ 7; Maria Clara Sanchez at ¶ 7; Glenda Pascasio at ¶ 6; Yaroslavna Kallas at ¶ 9; Derek Johnson at ¶ 11; Jerry noel at ¶¶ 15-16; Randy Taylor at ¶¶ 10-11; Michael Salenger at ¶¶ 9-13; Julie Difu at ¶¶ 9-11; Rick Landeros at ¶¶ 13-15; Jeanette Felix at ¶¶ 12-15; Gerardo Alvarado at ¶ 8; Victor Salmeron at ¶ 14; Eric Miller at ¶7; Uriel Efrain Rodriguez at ¶ 8.

contrary, an individualized inquiry into each person's specific harm would have to be made, thereby precluding class certification. *Jasper, supra,* 2009 WL 873360 at *6.

### 3. Plaintiff Fails to Establish that She and Counsel are Adequate Representation for the Class.

### D. Plaintiff Cannot Satisfy Rule 23(b).

Even if plaintiff could meet the Rule 23(a) prerequisites, plaintiff must, but cannot, show that she has met one of the three subsections of Rule 23(b).  Plaintiff cannot demonstrate that class treatment of these two claims would be the superior – mans of proceeding here, as it is her burden to establish.  *In re N.D. Cal., Dalkon Shield IUD Prods. Liab. Litig*., 693 F.2d 847, 854 (9th Cir. 1982);  *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (admonishing courts to take a "'close look' at the predominance and superiority criteria.").

### 1. Common Issues Do Not Predominate.

Plaintiffs' decision to bring this class under Rule 23(b)(3) means that plaintiff not only must show that there are "questions of law and fact which are common to the class," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), but also that these common questions predominate, meaning that they "present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Id.* at 1022.  The "predominance criterion is far more demanding" than the commonality requirement of Rule 23(a). *Amchem Products, Inc.*, 521 U.S. 623-624.

Evaluating compliance with the predominance requirement involves two-steps: the Court (a) must focus "on the substantive elements of plaintiffs' cause of action and inquire into the proof necessary for the various elements," and (b) "must inquire into the form that a trial on these issues would take." *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981). *See also*, *In re Beer Distribution Antitrust Litigation*, 188 F.R.D. 549, 556 (N.D. Cal. 1998) (adopting two-step analysis of *Simer*) and *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 251 (C.D. Cal. 2006) (same).

To the extent that plaintiff alleges that the reimbursement class has been injured, each member's specific claims would turn on multiple highly individualized factual inquiries. *See Grissom v. Vons Cos., Inc.*, 1 Cal. App. 4th 52, 58 (1991) (whether expenditures were "necessary" is a fact-intensive "inquiry into what was reasonable under the circumstances"), *accord Ruiz v. Affinity Logisitics Corp.*, No. 05CV2125 JLS(CAB), 2009 WL 648973, *7 (S.D. Cal. Jan. 29, 2009) (denying class certification on expense reimbursement claim because individualized inquiries predominate).

For instance, to evaluate each claim under Labor Code § 2802, the trier of fact would have to explore the following issues for each putative class member:

    (1)   what particular expenses were incurred?

    (2)   were such expenses necessary?[9]

    (3)   were they incurred in direct discharge of the employee's duties?

    (4)   what circumstances resulted in the expense not being reimbursed?  For example, did the employee never submit a request for reimbursement, as Labor Code § 2861 requires?[10]

    (5)   was the expense partially reimbursed and, if so, why?

Each of these individualized inquiries will overshadow any common issues, to the extent that plaintiff is able to establish any level of commonality.

///

///

---

[9] "In calculating the reimbursement amount due under section 2802, the employer may consider not only the actual expenses that the employee incurred, but also whether each of those expenses was 'necessary,' which in turn depends on the reasonableness of the employee's choices." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 568 (2007).

[10] *See Gattuso*, 42 Cal. 4th at 568 (where employee believes reimbursement provided is insufficient, she should have the opportunity to challenge that amount).  "The employee, rather than the employer, is in the best position to know when he or she has incurred a business expense and how much of such expense was incurred," and therefore should be required to present this information. *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2009 WL 281941, 15 -17(N.D .Cal. Feb. 5, 2009) (under Labor Code Section 2802, although "the employer has no discretion but to reimburse proper expenses at least when requested and documented, [the Labor Code] does not necessarily require reimbursement where there has been no request").

CASE NO. CV08-03241 DSF (RZx)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**2.      A Class Action Is Not Superior To Other Available Methods For The Adjudication Of This Lawsuit.**

Under Rule 23, class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3). Rule 23 lists four factors pertinent to the finding of superiority, which include:

(A)    the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B)    the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; [and]

(D)    the difficulties likely to be encountered in the management of a class action.

Fed R. Civ. P. 23(b)(3)(A)-(D).

Thus, "[i]f each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'"  *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 587 (C.D. Cal. 2008), *quoting Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1192 (9th Cir. 2001). Here, in order to demonstrate liability, each member of the "Wage Statement Class" would have to show that he or she was *actually injured* by any technical non-compliance with Labor Code §226.  Likewise, each member of the "Business Expense Reimbursement Class"  would need to demonstrate that, in *direct consequence* of the discharge of his or her duties, he or she made necessary, reasonable expenditures of which ADT was aware, but did not make reimbursement available.  Here, as in *Brown*, this series of factual inquiries will require multiple mini-trials to resolve, and therefore a class action is not the superior method for resolving the claims.

///

///

///

1      Additionally, courts are beginning to recognize that class actions are not the

2  best way of resolving technical claims resulting in little, if any, actual injury that

3  create enormous potential liability on a class-wide basis. *Villacres v. ABM Indust.*

4  *Inc.*, 2008 WL 2676397 at * 3 (granting reconsideration of class certification of

5  Labor Code Section 226 claim on basis that the potential liability would be out of

6  proportion to any harm suffered).  Indeed, the Ninth Circuit has made it clear that

7  class treatment is not superior where the liability exposure is vastly disproportionate

8  to any harm actually suffered by any plaintiffs.[11]  Similarly, multiple decisions in the

9  Central District Court have denied class certification where statutory damages are

10  disproportionate to any actual harm suffered by class members, finding that these

11  class-wide potential damages would violate a defendant's due process rights.[12]

12      In the present case, plaintiff's claims boil down to nothing more than technical

13  paystub violations and possibly the cost of a bullet or two.  Nevertheless, on a class-

14  wide basis, these claims present enormous potential liability far disproportionate to

15  any harm allegedly suffered.  As these cases make clear, this disproportionate

16  relationship between actual harm and potential liability weighs heavily against class

17  certification of plaintiff's claims.

18      Lastly, class certification is not the superior treatment here because any

19  putative class members who may have actually suffered a cognizable injury have

---

[11] *See Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 233-35 (9th Cir. 1974); *see also Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1378 (11th Cir. 1984) (affirming denial of class certification where plaintiffs asserting statutory violations presented no evidence they suffered actual harm); *Watkins v. Simmons & Clark, Inc.*, 618 F.2d 398, 403-04 (6th Cir. 1980) (same).

[12] *See, e.g., Serna v. Costco Wholesale Corp.*, 2008 WL 234197, at *1 (C.D. Cal. Jan. 3, 2008); *Najarian v. Avis Rent A Car Sys.*, 2007 WL 4682071, at *5 (C.D. Cal. June 11, 2007) (deciding a FACTA class action was not superior "on due process grounds" where the plaintiff did not and could not allege actual harm); *Medrano v. Modern Parking*, 2007 U.S. Dist. LEXIS 82024, at *13- *15 (C.D. Cal. Sept. 17, 2007); *Evans v. U-HaulCo*, 2007 U.S. Dist. LEXIS 82026, at *17-*18 (C.D. Cal. Aug. 14, 2007); *Spikings v. Cost Plus*, 2007 U.S. Dist. LEXIS 44214, at *13, *17 (C.D. Cal. May 25, 2007); *Soualian v. International Coffee and Tea LLC*, No. CV 07-502-RGK (JCx), 2007 WL 4877902, 2 (C.D. Cal. June 11, 2007) (denying class certification because of the "potential for a large statutory damage award, out of proportion with any harm suffered by the plaintiff").

1   "the option of a DLSE administrative hearing," which is a "quick" and "viable

2   alternative." *Jimenez*, 238 F.R.D. at 253-54. When considered against the "policy at

3   the very core of the class action mechanism [which] is to overcome the problem of

4   small recoveries" that provide no incentive for individual actions, *Amchem Products*,

5   521 U.S. at 617, the possibility of a DLSE administration hearing appears

6   particularly attractive.  Such hearings are a "speedy, informal, and affordable method

7   of resolving wage claims." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1089 (2005).

8   **IV.   CERTIFICATION IS NOT APPROPRIATE UNDER RULE 23(b)(2)**

9        Plaintiff also seeks to have the proposed classes certified under Rule 23(b)(2),

10   although that provision clearly is inapplicable to plaintiff's claims.  A class may be

11   certified under Rule 23(b)(2) only where the monetary damages claim is secondary

12   to the claim for injunctive relief.  *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003).

13   Here, the claim for damages – not any urgent desire for an injunction – is the driving

14   force behind plaintiff's action.  Moreover, the named plaintiff, Liliya Kisliuk, is not a

15   current employee of ADT, nor was she when this suit was filed (*see* Kisliuk Decl. ¶

16   3), and therefore is not even entitled to injunctive relief.  *Wren v. RGIS Inventory*

17   *Specialists*, 256 F.R.D. 180, 211 (N.D. Cal. 2009) (that named plaintiff is not a

18   current employee "suggests that the injunctive relief sought in the complaint was not

19   the primary relief sought in this action."); *Jasper, supra,* 2009 WL 873360 at 4;

20   *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006)

21   (former employee lacked standing for injunctive relief).

22        Additionally, injunctive relief would be available only to enjoin an ongoing

23   violation.  Here, ADT's current wage statement indisputably satisfies the purported

24   Labor Code requirements plaintiff raises: (1) the statement specifically totals all

25   hours worked, (2) the wage statement identifies the rate at which all hours are paid,

26   and (3) the wage statement identifies ADT's address in Boca Raton, Florida.  *See*

27   Perkinson Decl., ¶ 3, Ex. A.  Furthermore, even if plaintiff were to succeed on the

28   merits of her wage statement claim, the request for injunctive relief has become

1  moot, thus precluding certification under Rule 23(b)(2).  *Smith v. Univ. Wash. Law*

2  *School*, 233 F.3d 1188 (9th Cir. 2000) (decertifying Rule 23(b)(2) class because

3  injunction moot).  Therefore, plaintiff cannot point to any alleged continuing

4  violation and cannot show that an injunction would be necessary and appropriate,

5  were she to prevail on this claim.  *Blackwell v. Skywest Airlines*, 245 F.R.D. 453, 466

6  (S.D. Cal. 2007).  For this additional reason, plaintiff's proposed "Wage Statement

7  Class" cannot be certified under Rule 23(b)(2).  *Wren*, 256 F.R.D. at 211.

## V.  CERTIFICATION IS NOT APPROPRIATE UNDER RULE 23(c)(4)

9       Plaintiff proposed classes are also inappropriate under her "hybrid" theory, as

10  plaintiff has failed to demonstrate that certification of any class satisfies Rule

11  23(b)(2) or (3).  For the reasons addressed above, none of the issues that plaintiff

12  claims are amenable to class treatment should be certified.  Rather, plaintiff has not

13  established a substantiated basis for any class claim, and any liability could only be

14  shown on a case by case basis.

## VI.  CONCLUSION

16       For all the foregoing reasons, defendant ADT Security Services, Inc. opposes

17  plaintiff's motion for class certification, which should be denied in its entirety.

18  DATED:  July 27, 2009                    OGLETREE, DEAKINS, NASH, SMOAK
19                                           & STEWART, P.C.

20

21                                           By:  /s/ S. Adam Spiewak
22                                                  Margaret H. Gillespie
                                                      S. Adam Spiewak
23                                           Attorneys for Defendant
                                             ADT SECURITY SERVICES, INC.

24

25

26

27

28

7528982_7

# **TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ...................................................................... 1

II.  STATEMENT OF FACTS PERTINENT TO THIS MOTION ..................... 2

    **A.**   Background of the Action ...................................................................... 2

    **B.**   Procedural History ............................................................................... 2

III. THE CLASSES PLAINTIFF PROPOSES CANNOT BE CERTIFIED ........ 3

    **A.**   Plaintiff's Motion Is Procedurally Defective ...................................... 3

        **1.**   Plaintiff's New Proposed Class Definitions Are Different From The Class Allegations In The Complaint ......................... 3

        **2.**   Plaintiff's Proposed "Business Expense Remibursement" Class Is Not Ascertainable ......................................................... 4

    **B.**   Plaintiff Submits No Evidence That A Class-Wide Claim Exists ........ 5

        **1.**   Plaintiff Cannot Show That She Has Been Injured Under Labor Code Section 2802. .................................................... 6

        **2.**   Plaintiff Has No Claim For Violation Of Labor Code Section 226. ...................................................................... 9

    **C.**   Plaintiff Has Not Satisfied The Rule 23(a) Prerequisites. ................. 11

        **1.**   Plaintiff Fails To Establish That Her Claims Are Typical. ...... 11

        **2.**   Plaintiff Fails to Establish Commonality of Claims. ............... 12

        **3.**   Plaintiff Fails to Establish that She and Counsel are Adequate Representation for the Class. ................................... 15

    **D.**   Plaintiff Cannot Satisfy Rule 23(b) .................................................. 15

        **1.**   Common Issues Do Not Predominate. ................................... 15

        **2.**   A Class Action Is Not Superior To Other Available Methods For The Adjudication Of This Lawsuit. .................. 17

IV.  CERTIFICATION IS NOT APPROPRIATE UNDER RULE 23(B)(2) ..... 19

V.   CERTIFICATION IS NOT APPROPRIATE UNDER RULE 23(C)(4) ..... 20

VI.  CONCLUSION ......................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aiken v. Obledo*
  442 F. Supp. 628 (E.D. Cal.1977) ........................................................4

*Amchem Products, Inc. v. Windsor*
  521 U.S. 591 (1997) ...............................................................15, 19

*Armstrong v. Davis*
  275 F.3d 849 (9th Cir. 2001) ...............................................................11

*Berlowitz v. Nob Hill Masonic Management, Inc.*
  No. C-96-01241 MHP, 1996 WL 724776 (N.D. Cal. Dec.6, 1996) ...................3

*Bishop v. Petro-Chemical Transport, LLC*
  582 F. Supp. 2d 1290 (E.D. Cal. 2008) ..............................................12

*Blackwell v. Skywest Airlines*
  245 F.R.D. 453 (S.D. Cal. 2007) ........................................................20

*Brown v. Federal Express Corp.*
  249 F.R.D. 580 (C.D. Cal. 2008) ........................................................17

*EEOC v. Cal. Public Utilities Comm'n*
  1995 U.S. Dist. LEXIS 8318 (N.D. Cal. 1995) ......................................4

*Elliot v. Spherion Pacific Work, LLC*
  572 F. Supp. 2d 1169 (C.D. Cal. 2008) ..............................................9

*Evans v. U-HaulCo*
  2007 U.S. Dist. LEXIS 82026 (C.D. Cal. Aug. 14, 2007) .....................18

*Gen. Tel. Co. of S.W. v. Falcon*
  457 U.S. 147 (1982) .................................................................5, 11

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ..........................................................15

*Heder v. City of Two Rivers, Wisconsin*
  295 F.3d 777 (7th Cir. 2002) ............................................................7

*In re Beer Distribution Antitrust Litigation*
  188 F.R.D. 549 (N.D. Cal. 1998) .......................................................15

*In re Graphics Processing Units Antitrust Litigation*
    253 F.R.D. 478 (N.D. Cal. 2008) ........................................................ 5

*In re N.D. Cal., Dalkon Shield IUD Prods. Liab. Litig.*
    693 F.2d 847 (9th Cir. 1982) ........................................................... 15

*Jimenez v. Domino's Pizza, Inc.*
    238 F.R.D. 241 (C.D. Cal. 2006) ............................................... 15, 19

*Kline v. Coldwell, Banker & Co.*
    508 F.2d 226 (9th Cir. 1974) ........................................................... 18

*Lerwill v. Inflight Motion Pictures, Inc.*
    582 F.2d 507 (9th Cir. 1978) ............................................................. 4

*Mauro v. Federal Exp. Corp.*
    2009 WL 1905036 (C.D.Cal.) ............................................................ 5

*Medrano v. Modern Parking*
    2007 U.S. Dist. LEXIS 82024 (C.D. Cal. Sept. 17, 2007) ................ 18

*Molski v. Gleich*
    318 F.3d 937 (9th Cir. 2003) ........................................................... 19

*Najarian v. Avis Rent A Car Sys.*
    2007 WL 4682071 (C.D. Cal. June 11, 2007) .................................. 18

*Nelsen v. King County*
    895 F.2d 1248 (9th Cir.1990) ........................................................... 10

*O'Connor v. Boeing N. Am., Inc.*
    197 F.R.D. 404 (C.D. Cal. 2000) .................................................... 4, 5

*Retired Chicago Police Assoc. v. Chicago*
    141 F.R.D. 477 (N.D. Ill. 1992) ........................................................ 4

*Ruiz v. Affinity Logisitics Corp.*
    No. 05CV2125 JLS(CAB), 2009 WL 648973 (S.D. Cal. Jan. 29, 2009) ......... 16

*Schwartz v. Harp*
    108 F.R.D. 279 (C.D. Cal. 1985) ..................................................... 11

*Serna v. Costco Wholesale Corp.*
    2008 WL 234197 (C.D. Cal. Jan. 3, 2008) ...................................... 18

*Shroder v. Suburban Coastal Corp.*
   729 F.2d 1371 (11th Cir. 1984) ........................................................................ 18

*Simer v. Rios*
   661 F.2d 655 (7th Cir. 1981) ....................................................................... 15

*Smith v. Univ. Wash. Law School*
   233 F.3d 1188 (9th Cir. 2000) .................................................................... 20

*Spikings v. Cost Plus*
   2007 U.S. Dist. LEXIS 44214 (C.D. Cal. May 25, 2007) ................................ 18

*Stuart v. Radioshack Corp.*
   No. C-07-4499 EMC, 2009 WL 281941(N.D .Cal. Feb. 5, 2009) .................... 16

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*
   209 F.R.D. 159 (C.D. Cal. 2002) ..................................................................... 4

*Walsh v. Nevada Dept. of Human Resources*
   471 F.3d 1033 (9th Cir. 2006) .................................................................... 19

*Watkins v. Simmons & Clark, Inc.*
   618 F.2d 398 (6th Cir. 1980) ........................................................................ 18

*Williams v. Boeing Co.*
   517 F.3d 1120 (9th Cir. 2008) ..................................................................... 5

*Wren v. RGIS Inventory Specialists*
   256 F.R.D. 180 (N.D. Cal. 2009) ............................................................. 19, 20


**CALIFORNIA CASES**

*Gattuso v. Harte-Hanks Shoppers, Inc.*
   42 Cal.4th 554 (2007) .................................................................................. 16

*Grissom v. Vons Companies, Inc.*
   1 Cal. App. 4th 52 (1991) .......................................................................... 6, 16

*Reynolds v. Bement*
   36 Cal. 4th 1075 (2005) ............................................................................ 19

*Starbucks Corp. v. Superior Court*
   168 Cal. App. 4th 1436 (2008) ................................................................. 9

**CALIFORNIA STATUES**

Cal. Bus. & Prof. Code § 7583, *et seq.* ................................................. 6, 7

Labor Code § 204 ....................................................................................... 1

Labor Code § 226 ............................................................................... passim

Labor Code § 226(e) .................................................................................. 9

Labor Code § 2802 ............................................................................. passim

Labor Code § 2861 .................................................................................. 16