Marc Primo (SBN 216796)
MPrimo@InitiativeLegal.com
Matthew Theriault (SBN 244037)
MTheriault@InitiativeLegal.com
Dina S. Livhits (SBN 245646)
DLivhits@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Liliya Kisliuk

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA KISLIUK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: CV08-03241 DSF (RZx)<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: August 10, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 840<br>       Roybal Federal Building |

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1
II. ARGUMENT .............................................................................................. 2
    A. Plaintiff's Narrowing of the Complaint's Class Definition to Conform to the Evidence is Not a Proper Basis on Which to Deny Class Certification ................................................................... 2
    B. The Proposed Wage Statement Class Satisfies All of the Elements for Certification Because Common Issues Predominate Over Individual Issues ........................................................................ 3
    C. The Proposed Business Expense Reimbursement Class Should be Certified ...................................................................................... 6
        1. The Business Expense Reimbursement Class Has Been Ascertained ................................................................................ 6
        2. Common Issues Predominate Over Individual Issues ................ 6
    D. The Proposed Class Representative Is Both Typical and Adequate .................................................................................... 11
    E. A Class Action Is Superior to Other Methods of Resolution ............... 13
    F. Defendant's Evidentiary Objections Should Be Overruled ................. 14
III. CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

**FEDERAL DECISIONAL AUTHORITY**

*Berlowitz v. Nob Hill Masonic Management, Inc.*, 1996 U.S. Dist. LEXIS 22599 (N.D. Cal. December 6, 1996) ..................................................... 2

*Blackie v. Barrack,* 524 F.2d 891 (9th Cir 1975) ................................................ 4, 11

*Campbell v. Pricewaterhousecoopers*, 253 F.R.D. 586 (E.D. Cal. 2008) ....................................................................................................................... 7

*Conant v. McCaffrey*, 172 F.R.D. 681 (N.D. 1997) .................................................. 1

*EEOC v. Cal. Public Utilities Comm'n,* 1995 U.S. Dist. LEXIS 8318 (N.D. Cal. 1995) ....................................................................................................... 2

*Eisen v. Carlisle and Jacqueilin*, 417 U.S. 156 (1974) .................................. 4, 7, 13

*Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273 (S.D. Ala. 2006) ....................................................................................................................... 13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ......................................... 3

*Hanon v. Dataproducts Corp,* 976 F.2d 497 (9th Cir 1992) ................................ 4, 6

*Kurihara v. Best Buy Co.*, 154 Lab. Cas. (CCH) P35,344 (N.D. 2007) ............... 7, 9

*Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) ..................................................... 12

*Parker v. Time Warner Entertainment Co., L.P.,* 331 F.3d 13 (2nd Cir. 2003) ....................................................................................................................... 13

*Retired Chicago Police Assoc. v. Chicago*, 141 F.R.D. 477 (N.D. Ill. 1992) ......................................................................................................................... 2

*Selzer v. Bd. of Ed of City of New York,* 112 F.R.D. 176 (S.D.N.Y. 1986) ....................................................................................................................... 13

*Stuart v. Radioshack Corp.*, 2009 U.S. Dist. LEXIS 12337 (N.D. Cal. Feb. 5, 2009) .............................................................................................. 9, 10, 11

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658 (9th

| | |
|---|---|
| Cir. 1998) | 6 |
| *Xiufang Situ v. Leavitt*, 240 F.R.D. 551 (N.D. 2007) | 1 |

**CALIFORNIA DECISIONAL AUTHORITY**

| | |
|---|---|
| *Grissom v. Vons Cos., Inc.,* 1 Cal. App. 4th 52 (1991) | 10 |

**CALIFORNIA STATUTES**

| | |
|---|---|
| California Code of Civil Procedure § 340 | 1 |
| California Labor Code § 226 | passim |
| California Labor Code § 2802 | 7, 8, 10 |
| California Labor Code § 2861 | 10 |

**RULES**

| | |
|---|---|
| Fed. R. Civ. P. 23 | passim |

## I. INTRODUCTION

Plaintiff's Motion for Class Certification presents ADT's written policies and admissions that establish Rule 23's requirements as to two narrowly-drawn classes. In its opposition, ADT does not attempt to rebut the bulk of this evidence, because the futility of trying would only highlight the inherently certifiable nature of these claims.

As a tacit acknowledgment that ADT's liability to each and every member of the Wage Statement Class can be determined by answering only two common questions, ADT impermissibly addresses the underlying merits, but fails, because its admissions establish three violations of the statute. ADT then attempts to convince the Court that its prior decision overruling ADT's motion to dismiss was wrongly decided, not because the California Supreme Court has since issued a decision, but because two other district courts have. Given that statutory penalties are awardable without regard to pecuniary harm suffered, no testimony from the Wage Statement Class members is required, either at certification, or at trial. Finally, Plaintiff's claims are typical of, if not identical to, the claims of the Wage Statement Class.

ADT's defense to certification of the Business Expense Reimbursement Class is similarly flawed, because ADT admittedly does not reimburse patrol officers for the costs to obtain and maintain three separate licenses or guns and ammunition. Despite that costs are actually incurred by the class in direct consequence of their duties to ADT, it argues that no classwide injury has been shown because, as a matter of law, employers are not required to reimburse these costs. ADT's improper merits defense to certification might remotely be persuasive if authority supported its position, but none has. Rather, certification is appropriate because this Court can determine ADT's liability to each member of Business Expense Reimbursement Class by answering this narrow question. Plaintiff incurred licensure and ammunition expenses, thus her claims are typical

PLF'S. REPLY IN SUPPORT OF CLASS CERTIFICATION

of the Business Expense Reimbursement Class.

ADT's claim that certification will result in confiscatory penalties is premature and without legal or factual support, and certification remains a superior method to adjudicate the modest claims of the class members who otherwise would not likely seek redress.

Having established all elements of Rule 23 with respect to each class, Plaintiff's Motion for Certification must be granted.

## II. ARGUMENT

### A. Plaintiff's Narrowing of the Complaint's Class Definition to Conform to the Evidence is Not a Proper Basis on Which to Deny Class Certification

There is no support for ADT's argument that class certification should be denied solely because the class definition has been modified, especially where the class definition has been *limited* to conform to the evidence submitted in support of certification. The Wage Statement Class definition was revised to conform to the one year statute of limitations pursuant to California Code of Civil Procedure § 340. *Compare* Amended Complaint, ¶9, *with* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Certification (Pl.'s Memo. of P. & A.), 10:3-6. The Business Expense Reimbursement Class definition reflects the evidence confirming that ADT's reimbursement policies are uniformly applicable to patrol officers only. *Compare* Amended Complaint, ¶9, *with* Pl.'s Memo. of P. & A., 10:7-10.

No court has ever denied certification for the reasons advocated by ADT. To the contrary, courts modify class definitions *sua sponte*. *See Xiufang Situ v. Leavitt*, 240 F.R.D. 551, 558-560 (N.D. 2007) (court modified definition and then granted certification); *Conant v. McCaffrey*, 172 F.R.D. 681, 693 (N.D. 1997) ("This record does not support certifying a class as broad as the one requested by plaintiffs. Instead, the Court exercises its discretion to limit the

definition of the proposed class to provide more appropriate limits.").[1]

Thus, Plaintiff's motion to certify a narrower class than that set forth in the operative pleading does not constitute a valid basis for certification denial.

### B. The Proposed Wage Statement Class Satisfies All of the Elements for Certification[2] Because Common Issues Predominate Over Individual Issues

ADT does not dispute that the wage statements were based on forms that were systematically furnished to Plaintiff and all Wage Statement Class members. *See* Perkinson-Carpenter Deposition Transcript, 19:5-20:16; 20:20-22:12; 23:6-28:18; and 30:4-34:13, summarized at Pl.'s Mem. of P. & A., 6:8-7:2. Nor does ADT dispute that the formats it used systematically failed to provide the total hours worked, all applicable hourly rates, and the name and legal address of the entity that is the employer, the three failures that Plaintiff alleges violate California Labor Code § 226(a). *Id*. Thus, Plaintiff's typicality

---

[1] Moreover, even where named-plaintiffs seek to certify a *broader* class than that proposed in the complaint, courts do not deny certification in toto. And Defendant's cited cases involved the *expansion* of class definitions. *See Berlowitz v. Nob Hill Masonic Management, Inc.*, 1996 U.S. Dist. LEXIS 22599, *5-*6 (N.D. Cal. December 6, 1996) (court disregarded attempt to certify a broader, un-pled class, but certified case under Rule 23 to the extent consistent with the complaint); *Retired Chicago Police Assoc. v. Chicago*, 141 F.R.D. 477, 484 (N.D. Ill. 1992) (the court disregarded the plaintiff's attempt to "expand the class for certification" and then denied certification of the original class under Rule 23 analysis). The third, unreported case cited by ADT did not even involve a motion for certification. *See EEOC v. Cal. Public Utilities Comm'n,* 1995 U.S. Dist. LEXIS 8318, *2 (N.D. Cal. 1995) (court determined whether or not party was a member of the class).

[2] ADT does not contest numerosity with respect to either class or submit any evidence tending to dispute the size of the class or the class members' geographic dispersion throughout the state. *See* Plaintiff's Memorandum of Points and Authorities (Pl.'s Mem. of P. & A.), 10:12-10:20.

and commonality arguments are unopposed. *See* Pl.'s Mem. of P. & A., 10:21-11:19 (addressing commonality); 12:26-13:2 (typicality); and 16:3-17:16 (predominance).

Instead, ADT levels two other, indirect attacks on commonality, neither of which have merit. First, ADT would have this Court make merits determinations regarding the wage statement claim. *See* Def.'s Opp., 9:2-4 ("plaintiff has not established that she herself has a viable claim under the statute, let alone that a viable claim exists on a class-wide basis"). However, it is the long-established rule that a class certification ruling may not be a ruling on the merits. *Eisen v. Carlisle and Jacqueilin*, 417 U.S. 156, 180 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."). ADT's improper request for a mini-adjudication on the merits is all the more inapposite given ADT's admissions establishing two of the three Section 226(a) violations. *See* Perkinson-Carpenter Depo. Tr., 23:6-26:8 (the wage statements failed to show total hours worked); 30:4-32:24 (wage statements failed to show all applicable hourly rates); 26:10-28:18, and 32:17-34:13 (later version of wage statement did not correct either defect).

Second, ADT argues that Plaintiff has submitted no evidence of her own "injury" as a result of a wage statement violation, or that of the class members. *See* Def.'s Opp., 10:1-11:5 and 14:13-15:2. This position is directly contrary to this Court's previous determination that aggrieved employees do *not* have to plead or establish damages or harm under California Labor Code § 226(e) before statutory penalties are awarded. *See* Order Denying Defendant's Motion to Dismiss and/or Strike Class Allegations and to Dismiss Plaintiff's Fifth and Sixth Claims for Relief (Docket No. 6) ("[ADT's] construction would render meaningless the Legislature's distinction between the 'injury' that creates standing and the 'actual damages' that are recoverable under the statute"). That

ruling is the law of the case, and thus applicable to this motion.

No doubt aware of this basic legal principle, ADT argues that the Court's previous decision was wrong, and the Court should follow two other Central District courts that have held that "injury" requires actual, consequential damages. *See* Def.'s Memo., 9:14-25. ADT's request for reconsideration should be rejected because decisions of other district courts are not binding on this Court[3] and because this issue was already fully briefed in the context of ADT's previous motion. Because the California Supreme Court has not issued any decisions on this issue, there is no reason to reconsider that ruling. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 n.10 (9th Cir. 1998) (in the absence of California Supreme Court precedent, federal district courts must apply the rule they believe the Supreme Court would adopt under the circumstances).[4]

ADT does not argue that common issues do not predominate, but given the absence of any individual issue at all, predominance is met. *See* Pl.'s Mem. of P. & A., 10:7-11:19; and 16:3-17:16, and cases cited therein (finding predominance with respect to wage statement claims).

---

[3] Despite ADT's apparent appeal to a "majority" rule, Plaintiff's firm routinely prevails on this issue in state and federal court (including the Central District). However, Plaintiff does not attach and cite to these decisions because, like the cases cited by ADT, they are not binding on this Court.

[4] Moreover, given that ADT has furnished defective wage statements to Plaintiff and the Wage Statement Class members, they have been injured in an identical manner. If they ultimately prove that ADT's common practice of sending identically formatted wage statements is "knowing and intentional" they will be entitled to statutory penalties under California Labor Code § 226(e). *See Hanon, supra*, at 508 ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.").

**C.     The Proposed Business Expense Reimbursement Class Should be Certified**

      1.     <u>The Business Expense Reimbursement Class Has Been Ascertained</u>

Even though ADT produced records identifying each of the 655 patrol officers within the class (*see* Declaration of Matthew T. Theriault, ¶5), ADT now argues that Plaintiff's class is unascertainable. *See* Def.'s Opp., 4:9-27. Moreover, although ADT takes issue with the definition for including "jobs entailing substantively the same duties [as Patrol Officers]," none of the cases ADT cites to have rejected a class definition because it identified the class by job title and job duties. *See, e.g., Kurihara v. Best Buy Co.*, 154 Lab. Cas. (CCH) P35,344, *16 (N.D. Cal. 2007) ("Plaintiff's proposed class is defined as employees of a particular company within a definite time period. This class is sufficiently ascertainable."). Nevertheless, this Court has discretion to excise any objectionable aspect of the class definition, though it should not be necessary, given that ADT has already identified and ascertained the class members. *See, e.g., Campbell v. Pricewaterhousecoopers*, 253 F.R.D. 586, 593-94 (E.D. Cal. 2008) (courts maintain discretion to modify class definition).

      2.     <u>Common Issues Predominate Over Individual Issues</u>

While ADT ostensibly opposes certification by claiming that Plaintiff has not suffered injury as a result of an unlawful business expense reimbursement policy (*see* Def.'s Opp., 6:1-8:23), in reality, ADT's attack is an inappropriate merits-based challenge to the underlying claim. *Eisen*, *supra,* 417 U.S. at 180. ADT's argument that Plaintiff and the class members have not suffered any injury requires a common legal determination that the three separate licensing requirements are "portable" and required by the state as a precondition of employment within the field. As a result, ADT argues that the license fees are not subject to coverage by the employer pursuant to California Labor Code §

2802. *Id.* Whether ADT is correct or not, ADT does not even try to disguise its request as something other than a call for a premature merits-determination. *See* Def.'s Opp., 7:15 ("As a result, plaintiff has no viable claim for these expenses.").

Even if the Court were to inquire into the merits, no court has ever adopted ADT's position excepting such costs from the statute's otherwise unambiguous mandate.[5] Additionally, ADT, perhaps unwittingly, establishes the several additional common questions that are subject to a single, class-wide determination: *whether each or any of the three licenses is portable*; *whether portability of the licenses constitutes an exception to an employer's obligation to reimburse under California Labor Code § 2802*; *whether the baton and gun permits are required by the state in order to be a licensed security guard*; *whether state-required licensing requirements constitute an exception to an employer's obligation to reimburse under California Labor Code § 2802*; *whether the initial expenditures for each or any of the licenses were incurred in direct consequence of the discharge of the employee's duties under California Labor Code § 2802*; *whether expenditures for license renewal or requalification after the patrol officers were employed were incurred in direct consequence of the discharge of the employee's duties under California Labor Code § 2802*; and, *whether expenditures for ammunition incurred during recertification were incurred in direct consequence of the discharge of the employee's duties under California Labor Code § 2802*. *See also* Pl.'s Mem. of P. & A., 11:20-23:3.

Moreover, ADT fails to rebut evidence establishing that ADT required each patrol officer to obtain and maintain a security guard registration card,

---

[5] While refuting liability in one section of its brief, ADT then appears to acknowledge liability in another ("plaintiff's claims boil down to . . . possibly the cost of a bullet or two"). Def.'s Opp., 18:12-13.

firearms qualification card and baton permit.  "ADT/Bel Air Patrol Policy and Procedure Manual," Ex. E to Theriault Decl., [Page 58 - 59]; Perkinson-Carpenter Depo. Tr., 113:19-114:11.  Moreover, ADT does not pay for or reimburse patrol officers with upfront costs associated with each license, nor does it cover any costs associated with renewals or requalifications.  Perkinson-Carpenter Depo. Tr., 113:19-115:21.   Finally, ADT requires patrol officers to purchase their own firearms and ammunition and does not reimburse patrol officers for those costs.  Patrol Officer Handbook, Ex. E [Page 68 - 69] ("It is the responsibility of each Officer to purchase and maintain new factory made Remington, Winchester, or Federal ammunition for their firearms.").

Thus, the existence of company-wide, written policy requiring all patrol officers to purchase and maintain these licenses and equipment, coupled with ADT's admissions that ADT does not reimburse, is sufficient to establish commonality under Rule 23(a).  *See Kurihara, supra*, 154 Lab. Case. at \*17 (certifying off-the-clock claims; "the existence of a formal, company-wide policy related to employee inspections that is allegedly applicable and applied to all employees is sufficient to raise common issues of law and fact").

ADT claims that commonality is not met because Plaintiff submitted no evidence of a common injury in the form of declarations throughout the proposed class, and because ADT submitted a declaration from one patrol officer who received some free bullets from ADT.  *See* Def.'s Opp., 13:16-14:11.  However, each of 18 ADT declarations submitted in support of the opposition papers must be excluded or stricken under Rule 26 or Rule 37,[6] and Plaintiff hereby moves

---

[6] Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

1  that they be stricken. ADT never disclosed these declarants as witnesses at any
2  time within the five months the declarations were signed. This Court should not
3  countenance flagrant violations of Rules 26 and 37, and should strike or exclude
4  these declarations.

5  Even if the Court excuses ADT's violations, the fact that one declarant
6  suggests that he obtained reimbursement for bullets does not defeat commonality
7  or predominance. *See Stuart v. Radioshack Corp.*, 2009 U.S. Dist. LEXIS
8  12337, *53 (N.D. Cal. Feb. 5, 2009) (finding common issues predominated with
9  respect to business expense reimbursement claims despite evidence that some
10 managers may have appropriately reimbursed); *Kurihara, supra*, 154 Lab. Case.
11 at *29 (finding common issues predominated with respect to off-the-clock claims
12 although "plaintiff has submitted little or no evidence as to the implementation
13 of that policy," because "the detailed nature of the policy itself, and the
14 reasonable inferences which can be drawn from them, constitute sufficient
15 evidence to satisfy plaintiff's burden as to the predominance of common
16 questions"). Most importantly, declarations from class members are not
17 necessary to establish that common issues predominate when ADT's written
18 policy establishes that ADT requires patrol officers to purchase and maintain the
19 three licenses, as well as firearms and ammunition, and when ADT's designee
20 *admitted* that ADT does not reimburse for those costs. If that were not the case,
21 then presumably at least one of the declarants would have said so.

22 ADT's brief attack on predominance with respect to the Business Expense
23 Reimbursement Class is easily overcome. Here, unlike in *Grissom v. Vons Cos.,*
24 *Inc.,* 1 Cal. App. 4th 52 (1991), there is no fact-intensive "inquiry into what was
25 reasonable under the circumstances," because ADT's written policy clearly
26 requires patrol officers to purchase and maintain a gun and ammunition, and the
27 three licenses. *See* Perkinson-Carpenter Depo. Tr., 113:19-115:21 (ADT does
28 not reimburse for permits under any circumstances); ADT/Bel Air Patrol Policy

and Procedure Manual, Ex. E to Theriault Decl., [Page 58-59; and 68-69] (ADT does not reimburse for guns and ammunition).  Unlike the employees in *Grissom*, the patrol officers had no choice but to obtain the licenses and equipment, as it was a precondition of employment.  Thus, their purchase of the licenses and guns and ammunition was not only reasonable, but required.

This was the principal basis for certification of the business reimbursement claims in *Stuart v. Radioshack Corp.*, 2009 U.S. Dist. LEXIS 12337, *43-*45, *55 (N.D. Cal. Feb. 5, 2009), which was certified notwithstanding evidence that the employer's reimbursement policy was not uniformly applied and that the employer maintained discretion to decide whether or not to reimburse certain expenses.  *Stuart* also addressed ADT's "exhaustion" defense:

> While the Court need not decide precisely the parameters of the employer's obligation under § 2802 to inform and perhaps encourage employees to submit reimbursement claims (or whether an exhaustion defense applies at all), the relevant question here is whether the exhaustion defense (if available) requires such individualized determination such that common questions do not predominate. The Court concludes it does not. The parameters of the employer's obligation, and thus conversely the viability of the exhaustion defense, are likely to be judged by a reasonable person standard. Most of the relevant facts (the terms of the reimbursement policy, its general interpretation by management, whether it was publicized companywide, etc.) are common. While there might be some individualized inquiries as to whether actions of individual store or district managers might have taken steps to fulfill the employer's obligation under the California Labor Code (*e.g.*, by actively encouraging employees to submit reimbursement claims), the common questions are likely to predominate. Moreover, as noted

>above, even if the exhaustion defense were found to be viable, its impact on class member's entitlement to relief will be a simple matter to determine.

*Stuart*, *supra*, at *53-*54.

The fact remains that very few, if any, patrol officers would have requested reimbursement because ADT's written policy stated that any such expenses were *not* the responsibility of ADT; rather, the policy declared that patrol officers were solely responsible for their costs. None of the 18 declarants averred that ADT covered the costs of licensure. Thus, the only issue that will likely be different for each class member is the amount of damages they suffered, but that rarely bars certification. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) (rejecting defendants' argument that predominance requirement was not satisfied because of individual questions of damages; stating that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment").

### D. The Proposed Class Representative Is Both Typical and Adequate

ADT concludes in a free-floating heading, without citation to any evidence or any argument, that Plaintiff and her counsel are inadequate. *See* Def.'s Memo., 15:3-4. Thus, the evidence submitted with the Motion remains unrebutted and is otherwise sufficient to establish adequacy. *See* Pl.'s Mem. of P. & A., 13:3-14:1; Kisliuk Decl., ¶¶10-13; *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2003) ("Adequate representation depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.") (internal quotation marks omitted). Thus, this Court should find

Plaintiff and her counsel sufficiently adequate.[7]

ADT falsely states that Plaintiff alleges typicality merely by presenting evidence of her membership in both classes (i.e., she was employed as a patrol officer, a non-exempt position, within both class periods). *See* Defendant's Opposition to Plaintiff's Class Certification (Def.'s Opp.), 11:26-12:1. However, typicality is not met merely because of Plaintiff's prima facie membership in both classes, and ADT ignores evidence that establishes typicality: Plaintiff's averment that she received identically formatted wage statements throughout her employment at ADT (*see* Declaration of Liliya Kisliuk, ¶9); Plaintiff's testimony that the wage statement attached as Exhibit A was identically formatted to the other wage statements she received; and, most importantly, ADT's representative's testimony that Plaintiff's wage statement was an example of the formats used by ADT. *See* Perkinson-Carpenter Depo. Tr., 19:5-20:16 (Plaintiff's wage statement serves an exemplar for all wage statements); 23:6-26:8 (the wage statements failed to show total hours worked); 30:4-32:24 (wage statements failed to show all applicable hourly rates); 26:10-28:18 and 32:17-34:13 (later version of wage statement was similarly formatted with respect to these defects). Given that Plaintiff's wage statement claims arise from the same uniform practice that forms the basis of the claims of the Wage Statement Class, typicality under Rule 23(a) is met. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical.").

---

[7] ADT's vague criticism about the timing of Plaintiff's Motion is unwarranted and disingenuous. *See* Def.'s Opp., 3:6-12. Plaintiff has consistently met all deadlines set by the Court, while ADT has not. *See* Supplemental Declaration of Matthew T. Theriault.

Plaintiff's claims are also typical of the Business Expense Reimbursement Class because she in fact did expend money to maintain her licensing during her employment with ADT, and she purchased ammunition. *See* Def.'s Opp., 7:6-11 (citing to Plaintiff's deposition transcript and making a merits-based argument that the costs Plaintiff incurred *while at ADT* were not reimbursable); *accord* Kisliuk Decl., ¶¶4-6.

### E. A Class Action Is Superior to Other Methods of Resolution

ADT suggests that superiority is not met if technical claims result in enormous potential liability where actual harm was minimal. First, this argument is improper within the wage-and-hour context given recent decisions by California Supreme Court emphasizing the fundamentally protective nature of the Labor Code and its enforcement by way of class action. *See Gentry v. Superior Court*, 42 Cal. 4th 443 (2007) (class action waivers in wage-and-hour cases undermine Legislature's intent). Second, ADT provides no evidence of what the penalties would be, whether such penalties are "confiscatory," or its overall ability to pay any such judgment.[8] In fact, ADT suggests that liability for the Business Expense Reimbursement Class would be minimal. *See* Def.'s Opp., 18:12-13 ("plaintiff's claims boil down to . . . the cost of a bullet or two"). Further, with the exception of a few hundred dollars per class member if liability is found with respect to the Business Expense Reimbursement Class on account of penalties under the California Labor Code Private Attorney General Act, California Labor Code § 2698, *et seq.*, (commonly referred to as PAGA), penalties are not otherwise available to those class members. And with respect to the Wage Statement Class, penalties are capped at $4,000/person. California

---

[8] Notably, ADT does not dispute Plaintiff's evidence that ADT maintains assets and revenues in the billions. *See* Pl.'s Mem. of P. & A. 2:5-3:6.

1  Labor Code § 226(e).  Thus, there is no evidence to support ADT's claim that
2  superiority is not met, especially where, as here, the legal issues are very narrow
3  and common to each class member.  Contrary to the ADT's speculative
4  contentions, the damages and penalties sought by each class member are modest,
5  which supports the superiority of a class action.  *Zinser v. Accufix Research*
6  *Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) ("Where damages suffered by
7  class members are not large, [the first] factor weighs in favor of certifying a class
8  action.").  Finally, even if ADT had provided evidence that judgment in a case
9  involving the wage statement and business reimbursement claims of
10 approximately 2,000 employees would violate due process, then the Court could
11 reduce it.  *Parker v. Time Warner Entertainment Co., L.P.,* 331 F.3d 13, 22 (2nd
12 Cir. 2003) ("[I]t may be that in a sufficiently serious case the due process clause
13 might be invoked, not to prevent certification, but to nullify that effect and
14 reduce the aggregate damage award. . . .  At this point in this case, however,
15 these concerns remain hypothetical.").

16 ADT's contention that these claims can be resolved at a DLSE hearing
17 ignores the realities of class actions and mass, company-wide employment law
18 violations.  *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 614 (C.D. Cal.
19 2005); *see also Gentry, supra,* 42 Cal. 4th at 465 ("Berman hearings are neither
20 effective nor practical substitutes for class action or arbitration.").  Thus, a class
21 action is a superior method of resolving this litigation.  *See also* Pl.'s Mem. of P.
22 & A., 18:6-9 (citing cases establishing that aggregate damages can be reasonably
23 determined through statistical sampling, establishing manageability).

### F. Defendant's Evidentiary Objections Should Be Overruled

25 To the extent that the Court even considers ADT's objections to Plaintiff's
26 evidence (for instance, ADT objects to evidence based on the California Rules of
27 Evidence), they should be overruled.  First, because the Court is not making any
28 findings of fact, "the Federal Rules of Evidence take on a substantially reduced

significance, as compared to a typical evidentiary hearing or trial." *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 279 (S.D. Ala. 2006) ("the Federal Rules of Evidence are not stringently applied at the class certification stage because of the preliminary nature of such proceedings"); *see also Selzer v. Bd. of Ed of City of New York,* 112 F.R.D. 176, 178 (S.D.N.Y. 1986) (motion for class certification is not a mini-trial on the merits). In fact, the Court may consider evidence that may not be admissible at trial. *See, e.g., Eisen, supra*, 417 U.S. at 178 (describing a court's determination of class certification as based on "tentative findings, made in the absence of established safeguards" and describing a class certification procedure as "of necessity … not accompanied by the traditional rules and procedures applicable to civil trials"). Thus, ADT's objections should be overruled.[9]

## III. CONCLUSION

For all the foregoing reasons, the motion for class certification should be granted.

Dated: August 10, 2009

Respectfully submitted,

Initiative Legal Group APC

By: /s/ Matthew T. Theriault
Matthew T. Theriault

Attorneys for Plaintiff Liliya Kisliuk

---

[9] In stark contrast, Plaintiff's objections to ADT's proffered declarants are procedural in nature, rather than evidentiary. ADT violated the spirit and letter of Rule 26 by failing to periodically disclose its potential witnesses.