UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA KISLIUK and JESSE CRICK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC., a Delaware Corporation;<br><br>Defendant. | Case No.: CV08-03241 DSF (RZx)<br><br>CLASS ACTION<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS** |

# ORDER

On December 13, 2010, this Court conducted a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Class Representative Enhancement Awards and an Award of Attorneys' Fees and Costs.  Initiative Legal Group APC ("Class Counsel") appeared on behalf of Class Representatives Liliya Kisliuk and Jesse Crick.  Ogletree Deakins Nash Smoak & Stewart, P.C. appeared on behalf of Defendant ADT Security Services, Inc.

Having considered the Joint Stipulation of Class Action Settlement ("Settlement" or "Settlement Agreement"), and all legal authorities and documents submitted, and good cause appearing, **IT IS ORDERED** that the Motion for Final Approval of Class Action Settlement and Motion for Class Representative Enhancement Awards and an Award of Attorneys' Fees and of Costs are **GRANTED in part**, subject to the following findings and orders:

1. All terms used here shall have the same meaning as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members.

3. Final approval shall be with respect to: Subclass A, which includes all current and former non-exempt or hourly paid patrol officers and sentries who have been employed by Defendant in the State of California from May 15, 2004 through August 30, 2010; and Subclass B, which includes all current and former non-exempt or hourly paid employees not included in Proposed Subclass A who have been employed by Defendant in the State of California from May 15, 2004 through August 30, 2010.

4. The distribution of the Notice of Pendency of Class Action Settlement, Claim Form, Exclusion Form, and reminder postcard (collectively, "Class Notice") to the Class Members as set forth in the Settlement Agreement

has been completed in conformity with the August 30, 2010 Preliminary Approval Order. The Class Notice provided adequate notice of the proceedings and about the case, including the proposed settlement terms as set forth in the Settlement Agreement. The Class Notice fully satisfied due process requirements. The Class Notice was sent via U.S. Mail to all persons entitled to such notice and to all Class Members who could be identified through reasonable effort. As executed, the Class Notice was the best notice practicable under the circumstances.

5. The Court approves the terms set forth in the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement Agreement according to its terms, as modified by this Order. The Court finds that the Settlement Agreement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted extensive investigation and research, and their attorneys are able to reasonably evaluate their respective positions. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. The Court finds that Class Counsel have adequately advanced their position on a contingent-fee basis, and their efforts have resulted in an adequate recovery for the Class.

6. The Settlement Agreement is not an admission by Defendant or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other Released Party. Neither this Order, the Settlement Agreement, nor any document referred to here, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other Released

Parties.

7. Defendant shall pay the Class Members pursuant to the claim procedure described in the Settlement Agreement. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

8. The Court awards Liliya Kisliuk $10,000 for her service to the Class. The Court finds that this amount, although somewhat generous, is fair and reasonable in light of her contributions to this litigation. The Court awards Jesse Crick $2,000 for his service to the Class. Mr. Crick provided no estimate of the time spent in connection with this litigation. The matter was settled by the time he became a Class Representative and his task was limited to evaluating whether the settlement was fair to the subclass he represented. The requested award of $10,000 is excessive and fails to recognize the significant distinction between the contribution of Kisliuk and of Crick. Defendant does not object to this enhancement award.

9. The Court grants final approval of the allocation of $10,000, pursuant to California Labor Code sections 2698, et seq., to the California Labor Code Private Attorneys General Act of 2004. Seventy-five percent of that amount will be payable to the California Labor and Workforce Development Agency, and the remaining twenty-five percent shall be payable to Class Members.

10. The Court defers its decision concerning the attorneys' fees and costs requested by Class Counsel until further information is provided, as indicated at the December 13 hearing.

11. The Court approves claims administration expenses in the amount of $50,000 payable to Simpluris, Inc.

12. The Court finds that the Settlement Agreement has been drafted and entered into in good faith and constitutes a fair, reasonable, and adequate

compromise of the Released Claims against Defendant and all other Released Parties.

13. Class Members who did not timely submit valid Claim Forms or Exclusion Forms are bound by the release and waiver listed in the Settlement Agreement. Accordingly, as of the final judgment, Class Members who have not been excluded are forever barred and enjoined from prosecuting the Released Claims during the Class Members' Class Period against Defendant.

14. The Parties agree that, on final approval of the Settlement, the Court shall enter a Judgment on the terms set forth in this Order, which Judgment shall have the effect of releasing and resolving the claims by Plaintiffs and Class Members who have not opted out of the Settlement against Defendant, and declaring that Plaintiffs and all Class Members who have not opted out of the Settlement are bound by the release as described in the Settlement Agreement. The Court shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement in accordance with its terms, and over the administration and distribution of the Settlement proceeds.

**IT IS SO ORDERED.**

Dated:  1/10/11

_____
Honorable Dale S. Fischer
Judge, United States District Court